■ PETER LOBOS, JR., an Infant, by His Father and Natural Guardian, PETER LOBOS, et al., Appellants, v. JOHN BALYSKY et al., Respondents.— In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and for medical expenses of his father, plaintiffs appeal from two orders of the Supreme Court, Kings County, as follows: (1) from an order dated April 11, 1973 which, on defendants' motion, granted defendants a physical examination of the infant plaintiff and a pretrial examination of the plaintiff father, to be held at Special Term not less than 30 days before the trial; and (2) as limited by their brief, from so much of a resettled order dated October 5, 1973 as, on reargument, adhered to the original decision, except that it directed that the examinations be held within the City of New York not less than 15 days before the trial. Appeal from order dated April 11, 1973 dismissed as moot. That order was superseded by the order of October 5, 1973 (see *Spalter* v. *I. J. Morris, Inc.*, 8 A D 2d 747). Order dated October 5, 1973 affirmed insofar as appealed from. No opinion. Defendants are granted $20 costs and disbursements to cover both appeals. Gulotta, P. J., Hopkins, Latham, Shapiro and Cohalan, JJ., concur.

■ VIRGINIA PARLATO, Respondent, v. CRESCENZO PARLATO, Appellant.— In an action in which a judgment of the Supreme Court, Nassau County, was made on October 18, 1973, after a nonjury trial, *inter alia* granting plaintiff a divorce, defendant appeals, as limited by his brief, from so much of the judgment as (1) awarded plaintiff exclusive occupancy of the marital home, (2) directed defendant to make all the then past due mortgage payments on the home and (3) awarded plaintiff alimony of $275 per week and a recovery of $17,844.31, with interest, representing one half of the moneys removed by defendant from the parties' joint bank accounts. Judgment modified, on the law and the facts, by (1) striking therefrom the second and third decretal paragraphs, which awarded plaintiff exclusive occupancy of the marital home and alimony, respectively; (2) striking from the fourth decretal paragraph thereof (a) all the matter beginning with the passage "in the sum of $17,844.31" and ending with that of "totalling $10,086.17" and (b) the passage "in the sum total of $21,467.33", thus leaving therein only the total award of $4,489.58, which includes interest and represents one half of the moneys, plus interest, removed by defendant on June 28, 1971 from the parties' joint bank account in the Marine Midland Grace Trust Co.; and (3) adding thereto a provision that the marital residence shall be sold. As so modified, judgment affirmed insofar as appealed from, without costs, and case remitted to Special Term for reconsideration of the amount of alimony and for further proceedings not inconsistent herewith. Until the marital home is sold, the present provisions in the judgment as to alimony shall be continued. Under the circumstances of the childless marriage of the parties, it was an improvident exercise of discretion to give plaintiff exclusive possession of the marital home. Smaller living quarters can adequately accommodate her living alone. An equitable adjustment of alimony may be made at Special Term in the light of this determination (*Sarmiento* v. *Sarmiento*, 43 A D 2d 867). With respect to the moneys which defendant withdrew from the parties' joint bank accounts, he may be charged only with the sum representing the one withdrawal made by him for his own purposes without plaintiff's knowledge or consent. The other three withdrawals, although also used for defendant's own purposes, were found by Special Term to have been made with plaintiff's knowledge and consent and are therefore not recoverable (*Sarrica* v. *Sarrica*, 39 A D 2d 766; *Walsh* v. *Walsh*, 29 A D 2d 991; *Grishaver* v. *Grishaver*, 225 N. Y. S. 2d 924). Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.