■ In the Matter of STANDARD FRUIT & STEAMSHIP COMPANY, Appellant, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent. In the Matter of WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent, v STANDARD FRUIT & STEAMSHIP COMPANY, Appellant.—Appeal from the order, Supreme Court, New York County, entered November 5, 1976, which denied appellant's motion to quash the September 14, 1976 subpoena issued by respondent, directed appellant to produce on November 9, 1976, records and persons with knowledge of the records, and allowed appellant to select in the first instance the persons which it deems have the requisite knowledge of the records, but allowed the respondent to subpoena other officers if the ones produced did not have the requisite knowledge, unanimously dismissed, as moot, without costs and without disbursements. Order, Supreme Court, New York County, entered November 5, 1976, which granted respondent's motion to punish appellant for contempt of court for failure to comply with the subpoena dated September 14, 1976, unless appellant complies with the simultaneously made order of the same court directing the appearance of appellant on November 9, 1976, in accordance with the provisions of said order, unanimously modified, in the exercise of discretion, to excuse compliance for 60 days from the time of entry and service of notice of this order, and, as so modified, affirmed, with $40 costs and disbursements to respondent. Order, Supreme Court, New York County, entered November 16, 1976, resettling the order entered November 5, 1976, which denied petitioner's motion to quash a subpoena, etc., and amending the earlier order to the extent of eliminating any direction as to which employees appellant would produce, unanimously affirmed, with $40 costs and disbursements to respondent. Respondent, the Waterfront Commission of New York Harbor, noticed a hearing to determine whether or not to grant the application of five companies, not parties to this action, for licenses as stevedores, and, also, whether or not to revoke their temporary permits. One of the issues to be considered at the hearing is whether the president and co-owner of the five companies denied falsely the receipt of a $100,000 cash payment from appellant herein, Standard Fruit & Steamship Co., to unload a shipment of bananas during a general strike. Ample support exists, including testimony of two of appellant's employees before the SEC, for the inquiry into appellant's dealing with the five companies. Appellant does business within the jurisdiction of respondent and the transaction allegedly occurred within that jurisdiction. On November 9, 1976 appellant produced one of its officers to testify. However, the two employees of appellant who testified before the SEC were not produced, are not within respondent's jurisdiction, and while the subpoena did not specify which of appellant's employees should appear and testify, it was made clear at the November 9 hearing that the two employees who testified before the SEC were wanted. The resettled order appealed from provides that appellant can produce anyone it wishes who has knowledge of the transactions reflected in the books and records produced. While a subpoena of persons without the jurisdiction is invalid, *Siemens & Halske, GmbH. v Gres* (37 AD2d 768), appellant, a corporation which does business in New York, has been subpoenaed, with its records, as the witness. The corporation is therefore required to produce both its records and employees with knowledge of the records and transactions, regardless of whether or not the employees are within the jurisdiction *(Southbridge Finishing Co. v Golding,* 2 AD2d 430, 435). Furthermore, contrary to appellant's claim, examination

of appellant did not constitute a waiver of any rights to resettle the order. Accordingly, the resettled order is affirmed. When resettlement is granted, the resettled order supersedes the original one, and, if an appeal is taken from the resettled order, an appeal from the original order will be dismissed as moot (7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.25; *Lobos v Balysky,* 44 AD2d 720). Finally, in the exercise of discretion, we stay enforcement of any punishment for contempt upon the condition appellant comply with the subpoena within 60 days of entry and service of notice of this order. Concur—Kupferman, J. P., Silverman, Lane and Nunez, JJ.