ANTHONY CORBETT, Respondent, v. CHARLES BROWN et al., Doing Business as BROWN'S HOTEL AND COUNTRY CLUB, Appellants and Third-Party Plaintiffs-Appellants; ADLER & KRAF BUILD-ING CO., INC., Third-Party Defendant-Respondent and Fourth-Party Plaintiff-Appellant; IVAN STRAUSS et al., Doing Business as S. & S. CONSTRUCTION CO., Fourth-Party Defendants-Respondents.

Third Department, April 21, 1969.

*Gerald Orseck* for defendants-appellants and third-party plaintiffs-appellants.

*Vandervoort, Cline & MacVean* (*Kenneth A. MacVean* and *Timothy B. Fisher* of counsel), for third-party defendant-respondent and fourth-party plaintiff-appellant.

*Appelbaum & Eisenberg* (*Bertram W. Eisenberg* of counsel), for respondent.

*E. Edan Spencer* (*Sidney Advocate* of counsel), for fourth-party defendants-respondents.

STALEY, JR., J. This is an appeal by defendants and third-party plaintiffs from an amended judgment of the Supreme Court at Trial Term entered February 19, 1968 in Sullivan County (1) upon a verdict in favor of plaintiff for damages; (2) upon a decision of said court dismissing the third-party complaint; and (3) upon an order of said court entered December 27, 1967 in Sullivan County which granted fourth-party defendants' motion to dismiss the fourth-party complaint. Appeal is taken by third-party defendant and fourth-party plaintiff from said order.

The plaintiff Corbett was injured on January 22, 1964 when he was struck by a large piece of concrete which slid or slipped over the edge of an embankment and struck him while he was engaged in stripping forms from a retaining wall at a point between the retaining wall and the embankment. The retaining wall was being constructed on the property of the defendants Brown pursuant to a contract with the third-party defendant Adler & Kraf Building Co., Inc. by whom the plaintiff was employed. The fourth-party defendants Ivan Strauss and Nathan Shapiro, doing business as S. & S. Construction Co., provided the machinery and operators for the removal of a concrete curbing in the area where the retaining wall was being constructed. Although there is some conflicting evidence with regard to the slope of the embankment, there was testimony to the effect that the slope was not far from 90 degrees, and that the embankment was over 7½ feet high at the point where the plaintiff was injured. The plaintiff contends that the defendants Brown were responsible for his injuries because of their failure to provide shoring or suitable barriers to protect the plaintiff from falling objects.

The complaint alleging general negligence on the part of the defendants Brown in addition alleged that the plaintiff's injuries were caused by the negligence of the defendants in failing to provide the plaintiff with a safe place to work in violation of the statutes of the State of New York and the Rules and Regulations of the Board of Standards and Appeals. The statutes and rules claimed to have been violated were specifically enumerated in plaintiff's bill of particulars.

The third-party complaint alleges two causes of action, the first based upon common-law indemnity, and the second based upon the indemnity clause in the construction contract between the parties. The fourth-party complaint alleges a cause of action based upon common-law indemnity.

The court, in addition to charging the general laws of negligence, also charged the provisions of section 241 of the Labor Law and the applicable rules of the Board of Standards and Appeals. The court also charged that contributory negligence was not a defense to a violation of section 241 of the Labor Law; that this section imposed a nondelegable duty upon the owner of the premises; and that contributory negligence would be a defense to a violation of the rules of the Board of Standards and Appeals.

Section 241 of the Labor Law, as amended by chapter 450 of the Laws of 1962, provides that: " All areas, buildings or structures in which construction, excavation or demolition work is

being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted by the owners, contractors, and subcontractors as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The board may make rules to carry into effect the provisions of this section."

It is not disputed on this appeal that no shoring was provided to support the embankment, and that sufficient time elapsed prior to the accident in which to shore the embankment.

The appellants contend that the trial court erroneously charged the jury that contributory negligence was not a defense to a violation of section 241 of the Labor Law. Section 241, prior to its amendment in 1962, consisted of seven subdivisions, the first five of which contained specific positive commands to provide protection deemed appropriate in building or construction work by all contractors and owners when constructing or demolishing buildings, or doing any excavation in connection therewith. A violation of any of these five subdivisions was held to constitute negligence as a matter of law. Subdivisions 6 and 7 were the rule-making sections, and provided generally that the Board of Standards and Appeals may make rules for the protection of workmen doing excavation work in connection with the construction or demolishing of buildings or doing excavation work in connection therewith.

Section 241, as amended, has substituted in place of the prior seven subdivisions one paragraph which sets forth general duties specified as to work operations for owners, contractors and subcontractors in construction, excavation or demolition work to provide " reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." The section leaves to the Board of Standards and Appeals the authority to make specific rules to carry into effect the statute.

Prior to the 1962 amendment, each of the first five subdivisions of section 241 imposed upon owners and contractors a duty for the benefit of a particular class or group, a violation of which constituted liability unrelated to questions of negligence. (*Joyce v. Rumsey Realty Corp.*, 17 N Y 2d 118; *Major v. Waverly & Ogden*, 7 N Y 2d 332; *Koenig v. Patrick Constr. Corp.*, 298 N. Y. 313; *Utica Mut. Ins. Co. v. Mancini & Sons*, 9 A D 2d 116.) The statutory duty imposed upon both the owner and contractor was positive and nondelegable. (*Semanchuck v. Fifth Ave. & 37th St. Corp.*, 290 N. Y. 412.) Therefore, under former section 241, contributory negligence was not available as a defense for a violation of subdivisions 1 through 5. (*Koenig v. Patrick*

*Constr. Corp., supra; Utica Mut. Ins. Co.* v. *Mancini & Sons, supra.*)

However, a violation of subdivisions 6 or 7 of section 241 of the Labor Law, prior to the 1962 amendment, did not establish negligence per se, since such subdivisions consisted solely of a delegation of power, and contained no substantive requirements or prohibitions. There is a clear demarcation between the legal effect of a violation of a rule promulgated under a statute, and a violation of a substantive provision of the statute. A violation of subdivisions 6 or 7 did not bar the assertion of the defense of contributory negligence of the plaintiff. (*Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20; *De Milio* v. *New York State Thruway Auth.*, 15 A D 2d 27; *Utica Mut. Ins. Co.* v. *Mancini & Sons, supra.*)

The provisions of the present section 241 are general in nature, and require only '' reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.'' The statute has broadened its area of coverage, and has also extended its coverage to members of the general public lawfully frequenting the areas protected by the statute. The section no longer resembles that type of statute designed solely to protect a particular group or class, or at least a single class, and does not contain the '' unequivocal command of subdivision 1 of the former section '' (*Joyce* v. *Rumsey Realty Corp., supra*, p. 122), or '' a flat and unvarying duty '' imposed by the statute as described in *Koenig* v. *Patrick Constr. Corp.* (*supra*, p. 318).

Although present section 241 does provide for the protection of a special class, namely employees, it does not do so exclusively, as it also provides for the protection of anyone lawfully frequenting the premises. Furthermore, it should be noted that section 241 does not contain the specific directions normally found in statutes imposing absolute liability and, therefore, it would appear that the intent of the general broad language contained therein is to the effect that a violation thereof alone and unrelated to rules promulgated thereunder would be the same as a violation of common law. Section 241 is similar to section 200 of the Labor Law, in that both are worded quite broadly and do not provide the specificity needed to impose absolute liability.

Section 200 provides that: '' 1. All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein

or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons. The board may make rules to carry into effect the provisions of this section."

Section 200 was also amended by chapter 450 of the Laws of 1962 by adding the words " or lawfully frequenting such places " and substituting " may " for " shall " in the last sentence.

It has been held that a violation of former section 200 was merely some evidence of negligence, and could not be considered negligence per se. (*Gasper* v. *Ford Motor Co.,* 13 N Y 2d 104; *Chaney* v. *New York City Tr. Auth.,* 12 A D 2d 61, affd. 10 N Y 2d 871.)

In the case of *Dittiger* v. *Isal Realty Corp.* (264 App. Div. 279, 281–282, revd. on other grounds 290 N. Y. 492), the court stated: " The requirement to provide a safe place to work is now statutory. (Labor Law, § 200.) But the provisions of the statute are that all places to which the Labor Law applies shall be ' so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein.' It is evident, therefore, that the rule of the statute is merely declaratory of the common law to the extent that it imposes on the employer the use of reasonable care. * * * This section is general in character and does not impose the duty of providing any specific safeguard. In this respect it differs from statutes such as section 299 of the Labor Law, violation of which may constitute a cause of action, irrespective of negligence."

The provisions of present section 241 are similar in nature to the provisions of subdivisions 6 and 7 of the prior section, and also section 200 of the Labor Law, and the defense of contributory negligence is, therefore, available in an action for any violation thereof.

The charge of the trial court that contributory negligence was not a defense to a violation of section 241 was, therefore, error which will require a new trial of the action (and see *Long* v. *Gartner,* 32 A D 2d 25 [decided herewith]).

Upon the new trial, if different theories of negligence should again be invoked, the trial court would be well advised to make use of the procedure available under the statute (CPLR 4111), which permits the rendition of a special verdict or a general verdict accompanied by written answers to written interrogatories. Thus, if the defendants are again held liable for their negligence, the basis of the jury's determination would be ascertained.

The determination of liability in the third-party and fourth-party actions will depend upon the finding of negligence on the defendants' part, if any, and, therefore, the dismissal of the third-party and fourth-party complaints should be reversed. We further disagree with the trial court's determination as to the second cause of action in the third-party complaint that the language of the indemnity agreement is not sufficiently broad as to evince an unequivocal intent on the part of the third-party defendant to indemnify the third-party plaintiffs.

The indemnity provision of the construction agreement provides as follows: "5. At all times during the progress of the work, the Contractor shall, at its own cost and expense carry insurance in a solvent insurance company authorized to do business in the State of New York, which will indemnify and insure it and the Owner against all liability for injury and death to persons and damage to property which may be occasioned as a result of the performance of this contract of the Contractor, its agents, servants, employees and subcontractors, within limits of from $100,000 to $300,000 for injury and death, and $25,000 for damage to property. An appropriate certificate of such insurance in effect and in force, shall be delivered to the Owner on request. Notwithstanding the above, the Contractor shall indemnify and save harmless the Owner against all such liability to persons and property occurring for the injury or damage, in or resulting from the performance of the contract."

It is the general rule that contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms. (*Thompson-Starrett Co. v. Otis Elevator Co.*, 271 N. Y. 36.) The *Thompson-Starrett Co.* case recognized that there are some exceptions to the rule and stated (p. 43): " In construing a contract there must be taken into account the intent of the parties, as expressed in the contract and as indicated by the nature and extent of the work to be performed under the contract."

The third-party defendant specifically agreed in paragraph 21 of its contract with the Browns to " comply with all laws and regulations relating to the employment of labor ". Thus, compliance with the laws and regulations became part of the performance of the work contemplated by the contract, and the third-party defendant assumed this burden.

Indemnification " has been permitted under contractual provisions though the language of those provisions fell short of expressly stating that its coverage extended to the active negligence of the party to be indemnified where, as here, that appears to have been the unmistakable intent of the parties." (*Kurek*

v. *Port Chester Housing Auth.*, 18 N Y 2d 450, 456; *Farrell* v. *General Tel. Co. of Upstate N. Y.*, 29 A D 2d 51.)

The terms of the indemnification clause in the contract involved here are sufficient to provide for indemnification even though the injury to the plaintiff was held to be caused by the negligence of the defendant owners, since the contract provides indemnification for all liability for injury to persons which may be occasioned as a result of the performance of the contract by the contractor, and the performance under the contract required compliance with the Labor Law and the rules of the Board of Standards and Appeals.

The judgment and order should be reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.

GIBSON, P. J., HERLIHY, REYNOLDS and GREENBLOTT, JJ., concur.

Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.