■ FRANK DI LEO, Respondent, v. LINCOLN CENTER FOR THE PERFORMING ARTS, INC., et al., Appellants.— In a personal injury action, defendants appeal from a judgment of the Supreme Court, Kings County, entered February 3, 1971, in favor of plaintiff against them, upon jury verdicts after separate trials on the issues of liaiblity and damages. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered. Plaintiff was injured when he fell while working as a mason tender laborer in connection with the construction of the Metropolitan Opera House. The building was being constructed by its owner, defendant Lincoln Center for the Performing Arts, Inc., with defendant George A. Fuller & Co. as its agent for construction. J. H. McNally, Inc., plaintiff's employer, was a subcontractor engaged in certain masonry work. When faced with plaintiff's proof of a hole in the concrete roof, defendants attempted to offer the testimony of one of

Fuller's employees, charged with supervising construction, to the effect that he had been at the accident site 26 days before the accident, a time subsequent to the pouring of the concrete roof, and again two days after the accident and that on neither occasion was there a hole as described by plaintiff's witnesses. The trial court sustained objection to such testimony because of remoteness. The admissibility of evidence of a prior or subsequent condition or existence of an object so as to give rise to an inference of such condition or existence at the time in question depends upon the circumstances of the particular case (2 Wigmore, Evidence [3d ed.], § 437; Richardson, Evidence [8th ed.], § 198). In our opinion, it was error not to permit the proffered evidence. Plaintiff's evidence was that the hole was of definite rectangular shape and one witness went so far as to describe it as being for an air shaft. This is not indicative of a temporary defect or opening in the concrete roof, but rather a design entered into in the pouring of the concrete. As such, the nonexistence of the hole subsequent to the pouring of the cement, both prior and subsequent to the happening of the accident, is relevant. The fact that the evidence concerns itself with a concrete roof, rather than a more malleable and changeable aspect of construction, rendered the evidence competent. In this case, the question of the time interval goes to the weight to be accorded the testimony and not to its admissibility; and plaintiff, upon a new trial, will be able to present any evidence he may have to show the materiality of the time difference. We are also of the opinion that it was error to exclude blueprints of the area involved. The blueprints were offered in connection with testimony of a competent witness that the construction of the building adhered to the blueprints. Consequently, the blueprints should have been admitted. Additional error was committed when the trial court charged the jury that contributory negligence was not a defense to a violation of section 241 of the Labor Law as it existed in 1964 and that contributory negligence was not a defense to the applicable rule of the Board of Standards and Appeals promulgated pursuant to that section. Section 241, as amended in 1962 and as in force in 1964, the year of the accident, did not impose absolute liability upon a violator thereof; and, thus, contributory negligence is a defense to a 1964 violation thereof (*Corbett* v. *Brown,* 32 A D 2d 27). Even where contributory negligence is not a defense to a violation of a section of the Labor Law imposing absolute liability, it is a defense to violation of administrative rules and regulations promulgated thereunder (*Conte* v. *Large Scale Development Corp.,* 10 N Y 2d 20). Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.