■ SALVATORE LOMONACO, Appellant, v JAMES MCKINNEY & SON, INC., Respondent.—Appeal from a judgment of the Supreme Court, entered April 25, 1974, in Albany County, upon a verdict rendered at a Trial Term in favor of defendant of no cause for action. On February 19, 1971 plaintiff and a coemployee of Atlantic Cement Co. were carrying out assigned duties in connection with their employment when, without warning, plaintiff was struck on the head by a 30-pound metal object which fell from a height of about 30 feet where the defendant was repairing an overhead dust silo as Atlantic's contractor. At the conclusion of the testimony the court denied plaintiff's request that the court charge the provisions of section 241 of the Labor Law. The case was submitted to the jury on principles of negligence, proximate cause and contributory negligence. In our view the court erred in refusing to charge section 241 of the Labor Law and the judgment must be reversed and a new trial ordered. Since the record clearly establishes that defendant was hired by plaintiff's employer for the purpose of cleaning an overhead dust silo within Atlantic's building and, further, that on the morning in question defendant's employees were so occupied and there was an absence of any warning signs, of any roped-off area beneath the site of the overhead work and of any warning or safety devices either at ground level or overhead to either keep people out of the area or to warn those required to move about the potentially dangerous zone, we must conclude that it was reversible error to refuse to charge section 241 of the Labor Law. Our prior holding in *Corbett v Brown* (32 AD2d 27) to the effect that the provisions of subdivision 6 of section 241 require only reasonable and adequate protection to insure the safety of persons employed or lawfully frequenting the work site, and is, therefore, only a codification of the common law, does not excuse or make harmless the failure to charge subdivision 6 of section 241 when the facts, as here, warrant such a charge. In *Corbett* the purpose in showing that the rule of the statute is merely declaratory of the common law was to illustrate that the defense of contributory negligence was applicable to a breach of that subdivision. Herein, the plaintiff was "lawfully frequenting" the subject area where, allegedly, defendant was working without having adequately guarded, arranged, operated and conducted the area within the meaning of subdivision 6 of section 241, and, in our view, the jury should have been charged that a violation of this statute, if found to have proximately caused the accident, would impose liability on defendant in the absence of any contributory negligence on the part of the plaintiff. Next, by denying plaintiff's request to so charge, the court foreclosed to plaintiff the right to place before the jury those rules promulgated by the Board of Standards and Appeals to guide contractors in carrying out the provisions of subdivision 6, violations of which are evidence of negligence. (12 NYCRR 23-1.2, 23-1.4.) Judgment reversed, on the law and

the facts, with costs, and a new trial ordered. Koreman, P. J., Greenblott, Kane and Mahoney, JJ., concur; Larkin, J., not taking part.