■ ANTHONY SIMOES, Appellant, v IORIO CONSTRUCTION Co., INC., et al., Respondents, and IORIO CONSTRUCTION Co., INC., Third-Party Plaintiff. INTAS-MANNA, INC., Third-Party Defendant.—Judgment, Supreme Court, Bronx County, entered July 15, 1977, in favor of defendants, unanimously reversed, on the law, vacated, and the matter remanded for a new trial, with $60 costs and disbursements to abide the event. It was error, requiring reversal and a new trial, for the court to charge that "any adequate

covering would be sufficient" as to an opening through which plaintiff, a carpenter at a construction site, fell. According to the testimony this opening was concealed by "a couple of pieces of sheet rock on the floor." Subdivision (b) of section 23-1.7 of the Industrial Code (12 NYCRR Part 23), promulgated to carry out the provisions of subdivision 6 of section 241 of the Labor Law, the violation of which constitutes evidence of negligence (Smulczeski v City Center of Music & Drama, 3 NY2d 498; Lomonaco v McKinney & Son, 53 AD2d 982), requires that "Every hazardous opening * * * shall be guarded by a substantial cover fastened in place". As an alternative to a substantial cover to guard such an opening, 12 NYCRR 23-1.7 (b) provides for "a safety railing constructed and installed in compliance with this Part (rule)." This requirement was likewise misstated in the court's charge: "But, if there is some protection around the opening, either by a cover or by horses or by sheet rock or by studs, etc., that will put people on notice that there is such an opening, then that is compliance with the law". Section 23-1.15 sets forth the minimum requirements of a safety railing, none of which is satisfied by the court's enumeration of what would constitute statutory compliance. Concur—Murphy, P. J., Lupiano, Birns, Silverman and Sullivan, JJ.