■ FREDERICK J. FRATTURA et al., Respondents, v COZZOLINO CONSTRUCTION CORPORATION et al., Defendants and Third-Party Plaintiffs-Appellants. COLONIE MASONRY CORPORATION, Third-Party Defendant-Respondent.—Appeal from a judgment of the Supreme Court, entered June 7, 1977 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiff and third-party defendant. This is an action to recover for personal injuries sustained by plaintiff, Frederick Frattura, on May 28, 1971 while working on the construction of the Bethlehem Public Library (although his wife is also a plaintiff in this action, "plaintiff" will hereinafter refer exclusively to Mr. Frattura). Plaintiff was an employee of the third-party defendant Colonie Masonry Corporation, a subcontractor on the job. Defendant Cozzolino Construction Corporation was the general contractor and had directed the cutting of from 15 to 20 holes on the roof of the building under construction and the covering of them with sheets of plywood which belonged to Colonie Masonry and weighed about 40 pounds. On the day in

question, plaintiff was building a scaffold on the roof and using plywood as a base. While carrying a piece of plywood, he stepped into one of the holes and fell some 20 feet, sustaining severe personal injuries. The jury returned a verdict in favor of plaintiff against defendant and found no cause of action on Cozzolino's third-party complaint. This appeal ensued. On this appeal defendants raise several issues urging reversal. They contend that the court erred in permitting plaintiff to amend his pleadings to conform to the proof, by adding an alleged violation of subdivision 6 of section 241 of the Labor Law. We disagree. The court may permit pleadings to be amended before or after judgment to conform them to the evidence (CPLR 3025, subd [c]). In his complaint plaintiff alleged that defendants violated their nondelegable duties in negligently failing to provide him with a safe place to work and in failing to take necessary precautions against potentially hazardous conditions. The complaint also alleged a violation of sections 200 and 240 of the Labor Law. In view of these allegations and the proof offered at trial, defendants were not, in our view, prejudiced by the inclusion of section 241, and the court, therefore, properly permitted the amendment. Defendants also contend that the verdict of no cause of action on the third-party complaint was against the weight of evidence and that plaintiff was guilty of contributory negligence as a matter of law. While plaintiff's contributory negligence was not a defense pursuant to subdivision 6 of section 241 of the Labor Law (*Allen v Cloutier Constr. Corp.,* 44 NY2d 290), it was nevertheless submitted to the jury without objection. An examination of the record in its entirety demonstrates that there were questions of fact and credibility presented on these issues which were submitted to the jury. They were implicitly resolved in favor of plaintiff and against defendant and we find no reason to disturb their determination (*Fidler v Rowe,* 54 AD2d 1013). The judgment, therefore, should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Larkin, JJ., concur.