ERNEST A. LONG, JR., Appellant, v FOREST-FEHLHABER, Defendant and Third-Party Plaintiff-Respondent; WALSH CORBETTA CONSTRUCTION COMPANY, Third-Party Defendant-Respondent.

Third Department, May 8, 1980

## APPEARANCES OF COUNSEL

*Martin Brickman* for appellant.

*Ainsworth, Sullivan, Tracy & Knauf (Frank J. Warner, Jr., of counsel),* for defendant and third-party plaintiff-respondent.

**OPINION OF THE COURT**

CASEY, J.

The principal issue raised by the appeal is whether contributory negligence is a defense to a violation of subdivision 6 of section 241 of the Labor Law, as amended in 1969. The question arises in the following context.

On February 3, 1975, between 7:20 A.M. and 7:45 A.M. the plaintiff, a cement finisher employed by the third-party defendant, sustained personal injuries when he fell over an electrical conduit allegedly installed by the defendant, the contractor for temporary electrical service, at the South Mall project. The fall occurred in a passageway that had been provided for workmen as an easy access to the job site. To get to his job, the plaintiff's path was through a temporary door, down a ramp four to six feet long, and into a large room where two rows of concrete blocks piled five feet high on pallets formed an aisleway about three or four feet wide. A series of lights with uncovered bulbs was placed overhead and spaced every two to four feet. On the day of the accident, the plaintiff claims the bulbs had not been lit and without such illumination it was possible to see the concrete blocks only with the entrance door open, but that the area was dark with the door closed. One light bulb was lit, well ahead of the plaintiff, and provided a direction as the plaintiff made his way along the aisle. With no light at his feet he stumbled and fell over a conduit pipe, many of which he claims had been installed by the defendant in that area and projected upward from the floor 9 to 12 inches.

The contract for temporary electrical service between the defendant and the State architect's office provided that temporary lighting be maintained and energized from a period starting 15 minutes before the earliest established starting time for any trade and 15 minutes after the latest established quitting time for any trade.

There was testimony that the trades ordinarily started at 8:00 A.M., requiring the system to be lit at 7:45 A.M. The plaintiff's testimony revealed that he had arrived at work before 7:45 A.M. and that the accident happened before that time.

The original complaint alleged only common-law negligence. After the trial had started on May 1, 1978, the plaintiff moved, and was granted permission by the court, to amend

the complaint to include violations of section 200 and subdivisions 6, 7 and 8 of section 241 of the Labor Law. On May 2, 1978, the Court of Appeals decided *Allen v Cloutier Constr. Corp.* (44 NY2d 290).

On the facts, as generally outlined above, the court charged, without exception by the plaintiff, common-law negligence and also the violations of the Labor Law that it had permitted to be added during the trial. Without attempting to limit or to apply contributory negligence to any specific cause of action, the court charged generally that any contributory negligence on the plaintiff's part would bar his recovery under all of the submitted causes of action and theories of liability. The accident having occurred before September 1, 1975 such an instruction was proper as to common-law negligence *(Nelson v Nygren,* 259 NY 71) and as to section 200 of the Labor Law *(Holgerson v South 45th St. Garage,* 16 AD2d 255, affd 12 NY2d 1011) and would be proper as to subdivision 6 of section 241 of the Labor Law if a violation of that statute does not impose absolute liability on the defendant contractor. Although no exception was taken by the plaintiff to the charge as given by the court, the jury returned to the courtroom after it had commenced deliberations to ask a question as to the action to be taken if "the negligence is shared by both the plaintiff and the defendant", to which the court charged that "if you find the plaintiff was negligent or contributorily negligent * * * then your verdict would have to be no cause of action to the plaintiff * * * the plaintiff had the burden to prove that he himself was free from contributory negligence".

Following these instructions the jury recommenced deliberations. The plaintiff's counsel noted an exception to what he said "was a new charge" and "if they find the plaintiff contributorily negligent they would have to bring in a verdict for no cause of action." Thus the issue was raised and preserved for this appeal as to whether the trial court's instruction in response to the jury's question was reversible error insofar as it stated that a finding of contributory negligence would bar the plaintiff's recovery for a violation of subdivision 6 of section 241 of the Labor Law.

We find such instruction was reversible error and we hold that contributory negligence is not a defense to a violation of subdivision 6 of section 241 of the Labor Law as amended in 1969. Our conclusion is based on a consideration of the legislative amendments to that statute, as considered in *Allen v*

*Cloutier Constr. Corp. (supra).* In *Allen,* the Court of Appeals imposed a "nondelegable duty" on owners and contractors, even though they exercised no control over the construction site. Consequently, the effect of contributory negligence was not mentioned. The court stated, however, that "the conclusion is inescapable that the change effected by the 1969 legislation was a substantial one, for it fashions *absolute liability* upon an owner or contractor for a breach of the duties imposed by subdivisions 1 through 6 of section 241 irrespective of their control or supervision of the construction site (cf. *Rocha v State of New York,* 45 AD2d 633, mot for lv to app den 36 NY2d 642)." *(Allen v Cloutier Constr. Corp., supra,* p 300, emphasis supplied.) If that was said by way of dictum, then the dictum is judicial in nature and not merely obiter, and meant, in our opinion, to express the legislative intent of the amendment, i.e., that the statute as amended imposed *absolute liability.* The use of such words cannot be construed as a judicial slip of the tongue or as synonymous with "nondelegable duty". The reasonable interpretation is that the Court of Appeals meant what it said in *Allen,* i.e., that the duty imposed by the 1969 amendment of subdivision 6 of section 241 of the Labor Law (as well as subds 1 through 5) is "absolute" as well as "nondelegable". This interpretation accords with the legislative history and purpose of the statute.

Prior to 1962, subdivisions 1 through 5 of that section imposed absolute first instance liability unrelated to questions of negligence to which contributory negligence was no defense. *(Koenig v Patrick Constr. Corp.,* 298 NY 313; cf. *Vincent v Riggi & Sons,* 30 NY2d 406.) Subdivisions 6 and 7, which provided for the promulgation of administrative rules and regulations, were, if violated, merely some evidence of negligence *(Conte v Large Scale Dev. Corp.,* 10 NY2d 20; *Utica Mut. Ins. Co. v Mancini & Sons,* 9 AD2d 116), and as to these subdivisions contributory negligence would be a defense.

By the 1962 amendment, the Legislature substituted, in place of the seven subdivisions, one paragraph that set forth general duties as to work operations for owners, general contractors and subcontractors in construction, excavation and demolition work to provide "reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places". This amendment was held not to impose absolute liability and a violation of such statute not negligence per se, so that contributory negligence was a

defense to such statutory violation *(Corbett v Brown,* 32 AD2d 27).

In 1969 the statute was again amended by restoring subdivisions 1 through 5 as they generally were prior to 1962 and by adding subdivision 6 requiring owners and contractors to provide "reasonable and adequate protection and safety" to workmen covered by the statute. Subdivisions 7 and 8 permitting administrative rules and regulations were enacted in the same fashion and with the same effect as subdivisions 6 and 7 read prior to the 1962 amendment. It is the legislative addition of subdivision 6 in 1969 that has caused the difficulty. However, by linking subdivision 6 to subdivisions 1 through 5 (which admittedly impose absolute liability) and by making subdivision 6 coequal with subdivisions 1 through 5, a legislative intent to impose absolute liability for a violation of subdivisions 1 through 6 may be judicially concluded. Although subdivision 6 requires owners and contractors to provide "reasonable and adequate protection and safety" to workmen covered by the statute, there is no reason to believe that the Legislature cannot make the liability imposed by such subdivision "absolute", if the Legislature desired to do so. That the Legislature so intended may be gleaned from the language of *Allen (supra),* wherein the court stated (44 NY2d 290, 300): "Doubtless this duty is onerous; yet, it is one the Legislature quite reasonably deemed necessary by reason of the exceptional dangers inherent in connection with 'constructing or demolishing buildings or doing any excavation in connection therewith' ". If the type of work to be done be considered exceptionally and inherently dangerous, as expressed, and the avowed purpose of the statute be to protect workmen covered by its provisions, it follows quite logically that subdivision 6 was legislatively intended, as the Court of Appeals stated, to impose absolute liability for a violation of its provisions, as well as for a violation of the provisions of subdivisions 1 through 5 (contra *Monroe v City of New York,* 67 AD2d 89).

This conclusion is consistent with the absolute duty that the Court of Appeals imposed in *Haimes v New York Tel. Co.* (46 NY2d 132), a case involving subdivision 1 of section 240 of the Labor Law where scaffolding hoists, stays, etc., had to be statutorily constructed, placed and operated and where the standard expressed is *"to give proper protection* to a person so employed" (emphasis supplied). It is also consistent with this

court's decision in *Long v Murnane Assoc.* (68 AD2d 166), which also interpreted section 240 as imposing absolute liability when *proper protection* was not afforded to persons so employed. This being so, there is no reason that subdivision 6 of section 241 cannot be interpreted to mean that absolute liability is imposed in regard to the failure to provide "reasonable and adequate protection and safety" to those employees covered by the statute, and this interpretation precludes the defense of contributory negligence in such an action.

This court's decision in *Lomonaco v McKinney & Son* (53 AD2d 982), to the extent it is to the contrary on the narrow issue of contributory negligence, was rendered before the decision in *Allen v Cloutier Constr. Corp. (supra)*, and a resolution of the contributory negligence issue was not essential to the determination made therein. Furthermore, after *Allen,* this court in *Frattura v Cozzolino Constr. Corp.* (63 AD2d 1098, 1099) stated that the "plaintiff's contributory negligence was not a defense pursuant to subdivision 6 of section 241 of the Labor Law". Therefore, the charge of the trial court herein, in response to the jury's question, that "if you find the plaintiff, Mr. Long, was negligent or contributorily. negligent, and if you find Forest-Fehlhaber was also negligent, then your verdict would have to be no cause of action to the plaintiff", to which proper exception was taken, was reversible error and requires retrial.

The factual determinations to be made on retrial are (1) whether the defendant breached its duty under subdivision 6 of section 241 of the Labor Law "to provide reasonable and adequate protection and safety to the persons employed therein" and (2) if such a breach be found, whether it proximately caused the plaintiff's injuries. We have considered the other issues raised by the plaintiff and find them to be without merit. The third-party complaint herein was dismissed as a result of the dismissal of plaintiff's complaint against the defendant, and, accordingly, since a portion of the complaint is being reinstated and a new trial ordered, the third-party complaint should also be reinstated.

The judgment should be modified, on the law, by reversing so much thereof as dismissed the cause of action in plaintiff's complaint alleging a violation of subdivision 6 of section 241 of the. Labor Law and dismissed the third-party. complaint, and a new trial ordered on that cause of action and the third-

party complaint, and, as so modified, affirmed, with costs to abide the event.

STALEY, JR., J. (dissenting). I respectfully dissent and would affirm the judgment. I disagree with the majority's conclusion that contributory negligence was not a defense to a violation of subdivision 6 of section 241 of the Labor Law as it existed on the date the accident herein occurred.

Plaintiff contends that defendant violated its duty pursuant to the provisions of subdivision 6 of section 241 of the Labor Law, resulting in absolute liability to plaintiff, and plaintiff's motion for a directed verdict should have been granted.

Subdivision 6 of section 241 provides as follows:

"All contractors and owners and their agents, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements: * * *

"6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The board may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work shall comply therewith."

Subdivisions 1 through 6 of section 241 of the Labor Law impose a "nondelegable duty" on owners and contractors, irrespective of their control or supervision of the site (*Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 301). The provisions of subdivision 6 differ from the first five subdivisions which impose a duty to perform definite acts to protect the safety of workers. Subdivision 6, however, contains no such explicit and definite commands, but, rather, it requires that "[a]ll areas in which construction, excavation or demolition work is being performed * * * be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." The holding that subdivision 6 imposes a "nondelegable duty" does not lead to the conclusion that the duty imposed therein results in absolute liability. The subdivision imposes a duty of reasonable care, whereas questions of absolute liability are determined without reference to such a standard. The apparent intent of

the subdivision is to compel owners and general contractors to become more concerned with the safety practices because they would be exposed to liability without regard to control over the work. However, the language of subdivision 6 requiring reasonable and adequate protection requires only a duty to provide reasonable care to prevent injury. Absolute liability is most often applied only in connection with abnormally dangerous things and activities. Workers performing abnormally hazardous tasks have enjoyed the protection of absolute liability. A holding that subdivision 6 of section 241 of the Labor Law imposes absolute liability would ignore the fact that a substantial part of the work involved in the construction, demolition and excavation industries is not abnormally dangerous and that whatever dangers are normally involved in such work can be avoided by the exercise of reasonable care (*Monroe v City of New York,* 67 AD2d 89).

In the case of *Allen v Cloutier Constr. Corp. (supra,* p 300) the court held that section 241 of the Labor Law "fashions absolute liability upon an owner or contractor for a breach of the duties imposed by subdivisions 1 through 6 of section 241 irrespective of their control or supervision of the construction site". However, there must be a breach of the duty "to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places" as required by subdivision 6, and apparently the jury here did not find any breach of duty by the defendant, and, absent such breach of duty, there was no liability on defendant's part in favor of the plaintiff.

Plaintiff further contends that the trial court's charge was erroneous, since the court charged that plaintiff's contributory negligence was a defense, and if the jury found contributory negligence on the part of plaintiff, the verdict should be no cause for action.

Since the accident occurred prior to September 1, 1975, contributory negligence was a defense to an action for common-law negligence, and an action under section 200 of the Labor Law (*Holgerson v South 45th St. Garage,* 16 AD2d 255, affd 12 NY2d 1011). The issue of whether contributory negligence is a defense to a violation of subdivision 6 of section 241 is more difficult. Section 241 of the Labor Law was amended in 1969. Prior to the amendment, the section provided (L 1962, ch 450, § 3): "All areas, buildings or structures in which construction, excavation or demolition work is being per-

formed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted by the owners, contractors, and subcontractors as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The board may make rules to carry into effect the provisions of this section."

The only change in language between present subdivision 6 and the pre-1969 statute was the deletion of the words "buildings or structures" from the first sentence of the statute and the deletion of the words "owners, contractors and subcontractors" from that first sentence and inserting the words "owners and contractors and their agents" in the second sentence and stating that those owners, contractors, and their agents "shall comply" with the rules made under the statute.

It has been held that the pre-1969 statute required only "reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places" because its language was broad and general and not specific enough to "impose absolute liability" *(Corbett v Brown,* 32 AD2d 27). It has also been held that contributory negligence was a defense to a claimed violation of the pre-1969 section 241. *(Lomonaco v McKinney & Son,* 53 AD2d 982; *Di Leo v Lincoln Center for Performing Arts,* 38 AD2d 830; *Corbett v Brown, supra.)* Since former section 241 is identical to the present subdivision 6 of section 241 in terms of defining liability, the duty defined is the common-law obligation to provide a safe place to work, and the charge that contributory negligence was a defense to the alleged violation was proper.

I am not unmindful of this court's statement in *Frattura v Cozzolino Constr. Corp.* (63 AD2d 1098, 1099), wherein it was stated: "While plaintiff's contributory negligence was not a defense pursuant to subdivision 6 of section 241 of the Labor Law *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290), it was nevertheless submitted to the jury without objection." However, in *Frattura,* the appeal was from a judgment in favor of plaintiff, and, thus, the jury must have concluded that plaintiff was free from contributory negligence. In addition, a review of the briefs filed on the appeal in *Frattura* raises no issue as to the court's charge relative to contributory negligence. The only issue argued on contributory negligence was whether or not the testimony on plaintiff's conduct contributed to his accident, and such fact question was determined by the jury in plaintiff's favor. This court's statement that con-

tributory negligence was not a defense to a cause of action pursuant to subdivision 6 of section 241 of the Labor Law was merely gratuitous and had no relevance to the issues raised on the appeal.

The judgment should be affirmed.

GREENBLOTT, J. P., SWEENEY and KANE, JJ., concur with CASEY, J.; STALEY, JR., J., dissents and votes to affirm in a separate opinion.

Judgment modified, on the law, by reversing so much thereof as dismissed the cause of action in plaintiff's complaint alleging a violation of subdivision 6 of section 241 of the Labor Law and dismissed the third-party complaint, and a new trial ordered on that cause of action and the third-party complaint, and, as so modified, affirmed, with costs to abide the event.