■ KAREN ACKLEY, Individually and as Administratrix of the Estate of ROBERT ACKLEY, Deceased, Respondent, v VITALE BROS. CONTRACTORS, INC., Appellant. (And Five Other Actions.) — Order unanimously affirmed, with costs. Memorandum: For the reasons stated in its memorandum decision, Special Term properly denied defendants' motions for summary judgment. In doing so, however, the court declined to resolve an issue which was presented on defendants Vitales' motion addressed to plaintiff Ackley's cause of action under subdivision 6 of section 241 of the Labor Law. It was essential that the issue of the applicability of section 241 to be addressed because if it does not apply, defendants Vitale were entitled to summary judgment dismissing Ackley's separately stated cause of action. The primary actions in these cases are for the alleged wrongful deaths on April 18, 1975 of three employees of the International Salt Company. They died as the result of an explosion of gases in a long-abandoned salt mine owned by that company. The mine had a vertical shaft which reached a depth of 1,100 feet to the salt beds below. Water, infiltrating the shaft, became saline and eventually polluted a stream flowing into the Genesee River. In November, 1974 the Department of Environmental Conservation ordered the salt company to remedy the condition and directed the company to retain a professional engineer and to submit engineering reports to the department. A plan was devised by the salt company to construct a plug at the base of the shaft but the plan was rejected by its retained engineers, defendant Heen & Flint Associates, because the plug would not be impervious to water. Thereafter, Heen & Flint submitted a document to the salt company entitled "Preliminary Specification for the Elimination of Ground Water Infiltration into the Mine at Cuylerville". The document described a plan by which wooden bulkheads obstructing the shaft at the 620-foot level would be dislodged and forced to the bottom of the shaft by dropping large boulders down the shaft; a plug would be created from the presence of the large boulders at the bottom, over which were to be placed succeeding layers of progressively smaller stones followed by layers of gravel and sand and covered by impervious clay. The purpose of the plan was to restrain infiltrating water from reaching the salt below. Defendant Vitale Bros. Contractors, Inc., was hired to furnish labor, materials and equipment to perform the work as per the specifications of defendant Heen & Flint. On the first day of work on the construction of the plug, an electric lamp was lowered into the

shaft. When the second boulder was dropped down the shaft, it struck and broke the lamp, and the explosion occurred. It is undisputed that the shaft was unventilated and that the cause of the explosion was the ignition of flammable hydrocarbon gases. Resolution of the applicability of section 241 requires consideration of two questions: (1) whether article 15 of the Labor Law (mining sections) and the regulations thereunder (12 NYCRR Part 31) are exclusively applicable to the work which was being done here, and (2) if not, whether the work being done was "construction, excavation or demolition" within the meaning of subdivision 6 of section 241. Article 15 of the Labor Law and the regulations thereunder specifically regulate mines and mining operations. They do not purport to regulate nonmining work activity in abandoned mines. Indeed, the only statute dealing with abandoned mines is section 401 of the Labor Law which merely requires the giving of notice of abandonment to the commissioner. No part of article 15 requires its exclusive application to abandoned mines and there is no provision in the article which may be said to contemplate the construction of a plug in an abandoned mine to prevent water pollution. Nor would a holding here that subdivision 6 of section 241 applies serve to conflict with, vitiate or otherwise impair any provision of the mining article. We thus conclude that article 15 does not preclude application of subdivision 6 of section 241. From the foregoing description of the manner in which the plug was to be created, it is an inescapable conclusion that the work being performed at the time of the explosion was "construction" within the meaning of subdivision 6 of section 241. Moreover, since subdivision 6 is not delimited by the language of the opening paragraph of section 241 *(Tilkens v City of Niagara Falls,* 52 AD2d 306), that subdivision applies to the kind of work being done when the accident occurred. Although all plaintiffs cross-moved for summary judgment on the ground that subdivision 6 of section 241 of the Labor Law imposes absolute liability upon the defendants, none has appealed from Special Term's denial thereof and thus the issue of the type of liability created by application of the subdivision is not before us (see *Allen v Cloutier Constr. Corp.,* 44 NY2d 290; compare *Long v Forest-Fehlhaber,* 74 AD2d 167, with *Monroe v City of New York,* 67 AD2d 89). (Appeals from order of Monroe Supreme Court — summary judgment.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Moule, JJ.