SAMUEL ROSENBAUM et al., Respondents, v LEFRAK CORP., Respondent, and ARTHUR ZWICKER, Doing Business as ZWICKER ELECTRICAL CO., et al., Appellants.
LEFRAK CONSTRUCTION CORP., Third-Party Plaintiff-Respondent, v ZARETSKY STORE FRONT COMPANY, INC., Third-Party Defendant-Appellant.

First Department, May 14, 1981

APPEARANCES OF COUNSEL

*William F. Larkin* of counsel *(Sergi & Fetell* and *Herbert Levy,* attorneys), for appellants.

*Douglas A. Boeckmann* of counsel *(Craig & Skydel,* attorneys), for respondent.

*Joseph D. Ahearn* of counsel *(Michael Majewski* with him on the brief; *Grubbs, Leahy & Donovan,* attorneys), for third-party defendant-appellant.

OPINION OF THE COURT

SILVERMAN, J.

These are appeals from a judgment and amended judgment of the Supreme Court awarding damages for personal injuries to plaintiff Samuel Rosenbaum, and for loss of services to plaintiff Esther Rosenbaum, and directing judgment over for indemnification in favor of defendant Lefrak Construction Corp. against defendant Zwicker Electrical Co., and dismissing the third-party complaint of Lefrak against third-party defendant Zaretsky Store Front Company, Inc.

Defendant Lefrak, as general contractor, was engaged in the construction of a multistory building; defendant Zwicker was the electrical subcontractor; and third-party defendant Zaretsky was another subcontractor doing storefront work. Plaintiff Samuel Rosenbaum was a carpenter employed by third-party defendant Zaretsky.

At the time of the accident, electrical work had been completed to the extent of permanent wiring installation. Permanent lighting fixtures had not yet been installed; instead there was temporary lighting by naked bulbs (pigtails). Zwicker apparently had a contractual obligation to maintain the temporary lighting. Work was being done by various trades on the ground floor. Apparently work was

not going on on the second floor but on that floor there were a number of shanties for the various subcontractors where, among other things, employees of the respective subcontractors could keep tools, work clothes, etc. There was an enclosed stairway running from the ground floor to the second floor. No work was being done on this stairway. Plaintiff Samuel Rosenbaum got into his work clothes and picked up his tools at the Zaretsky shanty and descended the stairs, intending to go to the area on the ground floor where he was to perform his work. On the way down, he fell and was injured. There was testimony that there was building debris on the stairs, such as pieces of plaster, concrete and little stones; and that the lights went out briefly just before he fell. There was also testimony that the general contractor had one to six people who cleaned the stairwell on a regular basis.

Plaintiffs sued the general contractor Lefrak and the lighting subcontractor Zwicker. Lefrak claimed both contractual and *Dole v Dow Chem. Co.* (30 NY2d 143) indemnification or contribution, from Zwicker by way of a cross claim, and from Zaretsky by way of a third-party complaint. At the trial, the indemnification claims were reserved to the court for decision. At the conclusion of the evidence, the court dismissed the indemnification claim against Zaretsky insofar as it rested on negligence. Plaintiffs' claims against Lefrak and Zwicker were submitted to the jury on two theories: (a) negligence, including section 200 of the Labor Law, and (b) subdivision 6 of section 241 of the Labor Law, referred to by the court as "strict liability." The jury brought in a verdict (a) on the first theory, finding defendant Lefrak negligent, and Zwicker not negligent, and (b) on the second theory, "strict liability," against both Lefrak and Zwicker. Thereupon the court heard argument on the indemnification claims and reserved decision thereon.

While the matter was still under consideration by the court, plaintiffs caused to be entered a judgment, the "original judgment," in favor of plaintiffs against the primary defendants Lefrak and Zwicker, with no mention of indemnification. Thereafter, the court decided the re-

served question of indemnification and directed judgment in favor of Lefrak against Zwicker on the contractual indemnification claim, and dismissed Lefrak's third-party complaint against Zaretsky. The court thereafter signed an "Amended Judgment" essentially repeating the provisions of the original judgment with respect to plaintiffs' recovery against defendants Lefrak and Zwicker, and granting Lefrak indemnification over against Zwicker, and dismissing the third-party complaint against defendant Zaretsky.

Although defendant Lefrak has paid the judgment to plaintiffs, and plaintiffs have not seen fit to file a brief in this court, we deem it necessary to consider whether plaintiffs' complaint should have been dismissed as a matter of law.

█ 1. Insofar as plaintiffs' judgment rested on negligence—violation of section 200 of the Labor Law—plaintiffs were required to show negligence on the part of defendants. *(Dittiger v Isal Realty Corp.,* 264 App Div 279, 281, revd on other grounds 290 NY 492; *Monroe v City of New York,* 67 AD2d 89, 95-96.) There was no such showing.

(a) As to defendant Zwicker, the jury brought in a verdict of no negligence.

(b) The verdict on the negligence count against defendant Lefrak had to rest upon the presence of items of debris, etc., on the steps on which plaintiff Samuel Rosenbaum fell. It appeared that men were regularly engaged in cleaning up the debris that inevitably appears on construction jobs. There was no evidence of actual or constructive notice to Lefrak of the presence of the debris on the steps on which plaintiff fell any time after the last clean-up; nor indeed was there any evidence that the condition caused the fall. The fact that there was a brief outage of the lighting is not in and of itself evidence of negligence on anyone's part; the possible causes of such an outage are too numerous to permit such an inference. Accordingly, the negligence—section 200 of the Labor Law—claim against defendant Lefrak should have been dismissed for insufficiency of evidence.

■ 2. As to the claims under subdivision 6 of section 241 of the Labor Law: that statute as amended in 1969 provides in part as follows:

"All contractors and owners and their agents, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * *

"6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places".

(a) Zwicker was a subcontractor. And subdivision 6 of section 241 of the Labor Law apparently does not impose any liability on subcontractors. (See *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 300; *Haimes v New York Tel. Co.*, 46 NY2d 132, 136-137.) Accordingly, plaintiffs' claim against Zwicker under subdivision 6 of section 241 of the Labor Law should never have been submitted to the jury, as indeed the trial court recognized on the motion to modify the original judgment. But somehow the amended judgment continued the provision for direct judgment by plaintiffs against defendant Zwicker, even though the only finding by the jury against Zwicker rested on subdivision 6 of section 241 of the Labor Law.

(b) As to plaintiffs' claims under subdivision 6 of section 241 of the Labor Law against Lefrak the general contractor:

The Second and Third Departments of the Appellate Division have differed as to whether recovery under that subdivision against a general contractor or owner requires a showing of negligence on somebody's part, not necessarily the defendant, e.g., perhaps a subcontractor. The Second Department has held that plaintiffs must still show negligence *(Monroe v City of New York*, 67 AD2d 89, *supra)* while the Third Department, by a divided court, has indicated that the liability does not rest on negligence *(Long v Forest-Fehlhaber*, 74 AD2d 167, app pending). (Actually

the Third Department in the *Long* case merely held that contributory negligence was not a defense; and it is established that strict liability of a defendant without negligence does not necessarily exclude a defense of contributory negligence [*Codling v Paglia*, 32 NY2d 330, 343; *Velez v Craine & Clark Lbr. Corp.*, 33 NY2d 117, 123]. But it is clear that the Third Department in the *Long* case considered that under subdivision 6 of section 241 of the Labor Law a defendant would be liable without regard to negligence.)

It is unnecessary for us at this time to decide whether we will follow the Second or the Third Department. In the present case, the Trial Judge charged the jury consistently with the Third Department's opinion in the *Long* case, i.e., that if the area did not provide reasonable and adequate protection and safety to the persons employed therein, the general contractor, Lefrak, was liable without regard to negligence, and that contributory negligence was not a defense. There was no objection or exception to this portion of the charge. Thus, it became the law of the case. *(Swensson v New York, Albany Desp. Co.,* 309 NY 497, 501.) It is true that we have power to notice fundamental error even when it is not excepted to. But in view of the split between the Second and Third Departments, it would be almost presumptuous for us to call the Judge's charge fundamental error. And in any event, no one has argued even in this court that negligence must be shown to establish liability under subdivision 6 of section 241 of the Labor Law. Third-party defendant Zaretsky has argued in this court that it was error to charge that contributory negligence was not a defense to the Labor Law (§ 241, subd 6) claim; but it is the precise holding of the Third Department in the *Long* case that contributory negligence is not a defense to such a claim; and where a defendant's liability does not rest on negligence, it would seem reasonable to exclude the defense of contributory negligence. Finally, as we have said, even the contributory negligence charge was not objected to at the trial level.

(c) Subdivision 6 of section 241 of the Labor Law applies to "[a]ll areas in which construction, excavation or demolition work is being performed". While it is true that no

actual work was being performed in or on the staircase, we do not agree with the appellants' argument that the staircase is therefore to be excluded from the statutory definition of areas in which "construction, excavation or demolition work is being performed". We think such a narrow reading of the statute is inconsistent with the broad remedial purpose of the 1969 amendment of subdivision 6 of section 241 of the Labor Law. In our view, the area to which the statute applies is the whole construction site. There is as much need for safety on a temporary staircase with temporary lighting used by laborers going to and from their points of actual work as there is at the points of actual work.

■ It follows that the judgment of the Supreme Court was correct insofar as it imposed liability in plaintiffs' favor against defendant Lefrak based on subdivision 6 of section 241 of the Labor Law.

■ 3. The damages awarded were $159,008 to plaintiff Samuel Rosenbaum, and $25,000 to plaintiff Esther Rosenbaum on her derivative cause of action for loss of consortium and services. In our view, these damages are so excessive that we cannot permit them to stand.

After a six-week absence plaintiff resumed the same type of carpentry work he had done prior to the accident and worked through the remainder of 1972, the entire years 1973 and 1974, and the first six months of 1975, when he retired at age 62, the optional early retirement age in accordance with the applicable collective bargaining agreement. He never requested light duty and did not claim to have applied for disability retirement. Before retirement the Rosenbaums took a trip to Israel. Since retirement they have lived in Century Village, Florida.

Six days after the accident, the injuries were diagnosed as follows: concussion of vertex of scalp, lumbo sacral sprain, contusion and sprain of left knee and elbow, and cortex fracture of the left radius with sprain of left wrist. While plaintiff's medical expert testified that plaintiff had a permanent partial disability, the expert admitted that all back spasms had disappeared, that the wrist, leg, and knee injuries had healed, and that a neurological examination was normal. Further, this witness indicated that,

had he known plaintiff was working as a carpenter while under treatment, his opinion as to a permanent condition would be different.

Except for the six weeks immediately following the accident, the only claim of loss of earnings by plaintiff was based on the dubious and essentially unsupported assumption that but for his injury he would not have retired at the age of 62 but would have continued to work as a carpenter to the age of 72, together with various assumptions as to future economic conditions affecting the building industry which would make it possible for plaintiff Samuel Rosenbaum to have substantially full employment for this period.

With respect to the derivative claim of plaintiff Esther Rosenbaum for loss of services, there is very little supporting evidence. Mrs. Rosenbaum has suffered certain physical disabilities all her life, resulting from an illness in babyhood. But there is almost nothing to show that Mr. Rosenbaum was less helpful to her with the household chores and shopping after the accident than before; he continued to do the same chores after the accident, but she testified that it took him longer to do so.

In all the circumstances, we cannot permit the verdict to stand in excess of $100,000 in favor of plaintiff Samuel Rosenbaum and $10,000 in favor of plaintiff Esther Rosenbaum. The judgment must be reversed, and a new trial ordered as to damages only, unless plaintiffs stipulate to reduce their recovery to these sums (plus interest and costs).

4. The contracts of both Zwicker and Zaretsky with defendant Lefrak contained the following indemnity provision: "Sub-Contractor shall save and hold the Owner and Contractor harmless from all loss arising out of or in connection with, suits or claims for injury, including death, to any person, or damage to any property which may occur or that may be alleged to have occurred, in the course of the performance of this contract, whether such claim be made by an employee of the Sub-Contractor or by a third person, and whether or not it shall be claimed that the alleged damage or injury, including death, was caused

through a negligent act or omission of the Sub-Contractor, his agents or employees, or the Owner and Contractor; and, at his own expense, the Sub-Contractor shall defend any and all such actions and pay all charges of attorneys and all costs and other expenses arising therefrom."

■ (a) As Zwicker was responsible for the maintenance of the temporary lighting, we affirm the trial court's holding that Zwicker was responsible to indemnify Lefrak for the latter's liability to plaintiffs in this action. In our view, as the failure of the lighting was at least in part responsible for the accident, the accident occurred "in the course of the performance of this contract" by Zwicker.

(b) We hold also that Zaretsky was responsible to indemnify Lefrak, and we reverse the determination of the trial court to the contrary. Zaretsky employed plaintiff Samuel Rosenbaum, who suffered his injuries on the staircase while he was on his way from his employer Zaretsky's shanty on the second floor, where the employee donned his work clothes and picked up his tools, to the ground floor, where he was to perform his labor. In our view, the accident thus happened "in the course of the performance of this [Zaretsky's] contract."

5. We now consider the effect of these holdings on the various appellants.

■ (a) Defendant Zwicker served notices of appeal, both from the original judgment and from the amended judgment. Under CPLR 1008, "[t]he third-party defendant may assert against the plaintiff in his answer any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant shall have the rights of a party adverse to the other parties in the action, including the right to counter-claim, cross-claim and appeal." Zwicker as a party against whom defendant Lefrak has made a claim over, is entitled to the benefit of the holding that the damages are excessive.

(b) To the extent that we determine that the judgment was too favorable to plaintiffs, the third-party defendant Zaretsky is entitled to the benefit of our determination. Zaretsky appealed only from the amended judgment. For

the reasons stated below this was sufficient. (The original judgment does not even mention Zaretsky.)

(c) Defendant Lefrak served a notice of appeal from the amended judgment and not from the original judgment. The original judgment entered on plaintiffs' application was incomplete and premature. It merely contained provisions for recovery by plaintiffs against the original defendants and contained no provision disposing of the claims for indemnification by defendant Lefrak against defendant Zwicker and against third-party defendant Zaretsky. Decision on the indemnification claims by Lefrak against Zwicker and Zaretsky had been reserved by the trial court and the court had not yet made its decision at the time of the entry of the original judgment. After the court's decision on the indemnification claims, Lefrak moved to modify the judgment to include provisions as to those claims. Plaintiffs had notice of this motion and stated that plaintiffs would have no objection to the entry of the proposed modified judgment if certain minor errors were corrected. The court granted the motion for modification stating, "Resettle Judgment." Thereafter the "Amended Judgment" now under review was entered. Defendant Lefrak served a timely notice of appeal "from each and every part" of the amended judgment (except the provision granting Lefrak indemnification against Zwicker). It is familiar law that a timely appeal from a resettled judgment brings up for review the entire judgment, including the portions which were unchanged. The resettled judgment supersedes the original one. (See *Matter of Standard Fruit & S.S. Co. v Waterfront Comm. of N. Y. Habor*, 56 AD2d 802, 803, affd 43 NY2d 11, mod on other grounds 43 NY2d 657; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.25.) (The fact that Lefrak served a notice of appeal distinguishes this case from *Frankel v Berman*, 10 AD2d 838; see, also, *Rome Cable Corp. v Tanney*, 21 AD2d 342.)

In its brief in this court Lefrak made no argument on the questions of its liability to plaintiffs or excessiveness of damages, limiting its brief to the question of its right to indemnification against Zwicker and Zaretsky; and the conclusion in its brief does not request that the complaint

be dismissed or that the judgment in plaintiffs' favor be reversed or modified, but merely that insofar as the judgment awarded indemnity to Lefrak against Zwicker, the judgment in that respect should be affirmed, and that the judgment should be modified to grant indemnification to Lefrak against Zaretsky. We do not think that this can fairly be deemed an abandonment of Lefrak's appeal as against plaintiffs. Appellant Zwicker's brief, served before Lefrak's, did discuss the issue of excessiveness of damages; and third-party defendant Zaretsky's brief incorporated by reference all Zwicker's factual and legal arguments. Both those briefs asked in the alternative that a new trial be ordered as to plaintiffs' claim against Lefrak.

It is clear that defendant Lefrak thought it was fully protected by the indemnification agreements with Zwicker and Zaretsky and thus concentrated its brief on sustaining the applicability of those indemnification agreements. But we think it is unrealistic to suppose that Lefrak was abandoning its appeal from plaintiffs' judgment, even in the contingency that plaintiffs' verdict should be reduced. Accordingly, Lefrak is entitled to the benefit of our determination that plaintiffs' recovery was excessive and must be reduced, as well as our determination that Lefrak is entitled to indemnification from Zaretsky.

The amended judgment, Supreme Court, New York County (NADEL, J.), entered December 7, 1979, should be modified, on the law, to the extent that plaintiffs' complaint should be dismissed against defendant Zwicker; and, on the law and the facts, to the extent that defendant Lefrak should be granted full indemnification for any liability it may suffer to plaintiffs as against defendant Zaretsky and as against defendant Zwicker, and that a new trial of plaintiffs' action against defendant Lefrak should be ordered on the issue of damages only, unless plaintiffs stipulate to reduce their verdicts respectively to $100,000 in favor of plaintiff Samuel Rosenbaum and $10,000 in favor of plaintiff Esther Rosenbaum (in each case plus interest and costs), in which event, the judgment on plaintiffs' claim against Lefrak as modified should be affirmed; and the judgment should otherwise be affirmed, all without costs on appeal.

The appeals from the original judgment, Supreme Court, New York County (NADEL, J.), entered May 17, 1979, should be dismissed without costs, said original judgment having been superseded by the resettled or amended judgment.

KUPFERMAN, J. P., (dissenting in part). The jury having brought in a verdict of no negligence as against the defendant Zwicker, it cannot be said that "the failure of the lighting was at least in part responsible for the accident". Therefore, that cannot be the basis for the conclusion by this court that "the accident occurred 'in the course of the performance of this contract' by Zwicker."

Accordingly, I would reverse the trial court's holding that Zwicker was responsible to indemnify the defendant Lefrak for the latter's liability, however reduced, to the plaintiffs in this action.

I concur in the remainder of the court's determination.

SULLIVAN, CARRO and LYNCH, JJ., concur with SILVERMAN, J.; KUPFERMAN, J. P., dissents in part in an opinion.

Amended judgment, Supreme Court, New York County, entered on December 7, 1979, modified, on the law, to the extent that plaintiffs' complaint is dismissed against defendant Zwicker; and, on the law and the facts, to the extent that defendant Lefrak is granted full indemnification for any liability it may suffer to plaintiffs as against defendant Zaretsky and as against defendant Zwicker, and that a new trial of plaintiffs' action against defendant Lefrak is ordered on the issue of damages only, unless plaintiffs stipulate to reduce their verdicts respectively to $100,000 in favor of plaintiff Samuel Rosenbaum and $10,000 in favor of plaintiff Esther Rosenbaum (in each case plus interest and costs), in which event, the judgment on plaintiffs' claim against Lefrak as modified is affirmed; and the judgment is otherwise affirmed, all without costs and without disbursements. The appeals from the original judgment entered on May 17, 1979 are dismissed, as being superseded by the resettled or amended judgment, without costs and without disbursements.