OPINION OF THE COURT
Harold J. Hughes, J.
Plaintiffs have submitted for settlement, on notice to the affected parties, a proposed judgment to be entered upon a verdict rendered after a jury trial. Defendant Walsh-Corbetta has moved, pursuant to CPLR 4533-b, for a determination of the proper amount to be deducted from the verdict to reflect settlements reached with other joint tortfeasors during the trial.
The question presented is: When the consideration for the release of a joint tort-feasor is the waiver of the lien of an insurance carrier under subdivision 1 of section 29 of the Workers’ Compensation Law, should the court reduce the amount of such lien by a sum representing the fees and expenses of plaintiffs’ attorneys when making the computations called for by section 15-108 of the General Obligations Law and CPLR 4533-b.
Plaintiff Richard Reinitz was injured in the course of his employment as a member of the New York State Capitol Police when he slipped on a stairway in one of the agency buildings in the Empire State Plaza. The building was still *967 in the course of construction, and Officer Reinitz and his wife sued Albany County, the owner of the plaza; George A. Fuller Company, the construction superintendent; and various general contractors and subcontractors, asserting that they had violated subdivision 6 of section 241 of the Labor Law.
In the course of the trial, plaintiffs entered into a structured settlement with George A. Fuller Company, and also agreed to release Albany County from liability in return for the State Insurance Fund’s waiving its lien under the Workers’ Compensation Law.[1]
Upon this motion, the parties have agreed that the cost to George A. Fuller Company of the structured settlement was $103,000, and that the State Insurance Fund’s lien amounted to $42,032.90 ($25,513.10 in compensation and $16,519.80 in medical benefits).
The action continued against the nonsettling defendants, and by special verdict the jury determined: (1) defendants Walsh-Corbetta and M. Sher & Son, Inc., violated section 241 of the Labor Law; (2) that Officer Reinitz was guilty of negligence which contributed to his injury; (3) that Officer Reinitz’ damages were $200,000; (4) that Mrs. Reinitz’ derivative loss was $40,000. The jury further apportioned the respective degrees of fault as follows:
Walsh-Corbetta 30%
M. Sher & Son, Inc. 30%
George A. Fuller Co. 30%
County of Albany 5%
Officer Reinitz 5%
It is undisputed that pursuant to CPLR 1411, Officer Reinitz’ award shall be reduced to $190,000, by reason of his comparative negligence, and Mrs. Reinitz’ award to $38,000.
The parties also agree that in applying subdivision (a) of section 15-108 of the General Obligations Law,[2] the consid *968 eration paid for the release given to George A. Fuller Company was the amount paid by Fuller to fund the structured settlement rather than the estimated benefits to be received by plaintiffs in the future. Since the amount paid by Fuller ($103,000) exceeds its equitable share of both plaintiffs’ net damages (30% of $228,000, or $68,400), plaintiffs’ damages must be reduced by the higher figure.
The parties disagree, however, as to the figure to be used in determining the amount to be deducted for the settlement with the County of Albany.
Defendants argue that the figure of $42,032.90, representing total workers’ compensation benefits paid to the date of the settlement, should be utilized in mitigation of damages, since that is the approximate figure recited in the stipulation. Plaintiffs urge that this sum must be reduced by one third, representing the fair and agreed value of their attorneys’ fees.
The court accepts plaintiffs’ position. The stipulation of settlement provided in pertinent part: “That the County of Albany will be satisfying the Workers’ Compensation lien which provided benefits to Mr. Reinitz out of this incident, which I do not have the precise figures with me at hand but I believe it is $42,500, in that vicinity”. From that language, it is clear that the amount of the lien was not an essential element of the agreement, but rather that the parties were bargaining for a satisfaction, discharge or waiver of the lien, in whatever amount it ultimately proved to be.
Subdivision 1 of section 29 of the Workers’ Compensation Law states, in pertinent part, that in the event an injured employee brings an action against a third party alleged to be responsible for a compensable injury, the State Insurance Fund or other compensation insurance carrier “shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery, to the extent of the total amount of *969 compensation awarded under or provided or estimated by this chapter”.
In this case, the State Insurance Fund has agreed to accept two thirds of the total benefits paid to Officer Reinitz in full settlement of its lien, effectively conceding that $14,010.97[3] was a reasonable share of plaintiffs’ total legal expenditures in bringing and maintaining the action.
The court determines that the consideration paid for the release of the County of Albany was the total compensation benefits after deduction of attorneys’ fees and disbursements, or $28,032.90. Since this figure is higher than the county’s equitable share of plaintiffs’ net damages, it will be deducted from the jury’s award.
In conclusion, therefore, the total damages awarded by the jury will be reduced by: (a) $12,000 for plaintiff’s comparative negligence; (b) $103,000 consideration paid for Fuller’s release; and (c) $28,032.90 consideration paid for Albany County’s release.
Judgment shall be entered in favor of plaintiff Richard Reinitz in the sum of $58,967.10, plus $1,552.60 costs and disbursements, with interest thereon from September 27, 1983, and in favor of plaintiff Maryann M. Reinitz for $38,000 plus interest from September 27, 1983, against Walsh-Corbetta and M. Sher & Son, Inc., jointly.
The judgment submitted by plaintiffs’ attorney is not in accordance with this decision; they are requested to submit a proposed judgment conforming to this decision.

. The State of New York, Officer Reinitz’ employer, had an agreement with Albany County to indemnify the county from any liability it might incur as the titular owner of the Empire State Plaza.

. “When a release * * * is given to one of two or more persons liable * * * in tort for the same injury * * * it does not discharge any of the other tortfeasors from liability * * * but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release * * * or in the amount of the consideration paid for it, or *968 in the amount of the released tortfeasor’s equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.”

. Plaintiffs’ attorneys have offered to round this figure to $14,000.