RICHARD REINITZ et al., Respondents, v ARC ELECTRICAL CON-STRUCTION COMPANY, INC., et al., Defendants, and WALSH-CORBETTA et al., Appellants.

Third Department, December 13, 1984

**APPEARANCES OF COUNSEL**

*Horigan & Horigan* (*James A. Lombardo* of counsel), for Walsh-Corbetta, appellant.

*Ainsworth, Sullivan, Tracy & Knauf* (*Margaret Comard Lynch* of counsel), for M. Scher & Son, Inc., appellant.

*Bloomberg & Santola* (*Daniel R. Santola* of counsel), for respondents.

*Hesson, Ford, Sherwood & Whalen* (*Matthew J. Kelly* of counsel), for Arc Electrical Construction Company, Inc., defendant.

**OPINION OF THE COURT**

MAIN, J. P.

During the construction of the Empire State Plaza in the City of Albany, plaintiff Richard Reinitz, while in the course of his employment as a member of the New York State Capitol Police, slipped on a stairway in one of the agency buildings and suffered severe injuries. This personal injury action by plaintiff and his wife was thereafter commenced. Defendants were various contractors and the County of Albany (Albany), owner of the property on which the construction was occurring.

During the trial, plaintiff agreed to a structured settlement with defendant George A. Fuller Company (Fuller) and also settled with Albany, which was released from liability in return

for the State Insurance Fund, the workers' compensation carrier, releasing its lien on plaintiff's tort recovery for workers' compensation benefits previously paid (see Workers' Compensation Law, § 29, subd 1). The trial then continued and the jury ultimately found plaintiff to have been damaged in the amount of $200,000 and his wife to have been damaged in the amount of $40,000. Liability was apportioned as follows: Walsh-Corbetta — 30%; M. Scher & Son, Inc. (Scher) — 30%; Fuller — 30%; Albany — 5%; plaintiff — 5%; Westinghouse Electric Company — 0%.[*] Thus, plaintiff's damages were reduced to $190,000 and his wife's damages were reduced to $38,000. Pursuant to motion by defendant Walsh-Corbetta, Trial Term determined the amount by which the judgment had to be reduced due to the settlement by Albany and Fuller (see General Obligations Law, § 15-108, subd [a]) and judgment was rendered in favor of plaintiff against Walsh-Corbetta and Scher, jointly, in the amount of $58,967.10 plus costs, disbursements and interest, and in favor of plaintiff's wife against these defendants, jointly, in the amount of $38,000 plus costs, disbursements and interest (121 Misc 2d 966). These appeals by Walsh-Corbetta and Scher followed the denial of their motions to set aside the verdict.

 Initially, we find no merit to Scher's claim that Trial Term erred in failing to charge the jury that Albany, as the owner of the property, could be liable under subdivision 6 of section 241 of the Labor Law. Although Trial Term explained why it failed to so charge, our review of the record reveals that the jury was instructed to: "determine whether the conduct of either Albany County or George Fuller Company or both contributed to the happening of the accident of February 28, 1976, applying the rules [of liability under subdivision 6 of section 241 of the Labor Law] which I gave you earlier." Thus, the jury was instructed that Albany could be liable and, indeed, Albany was found liable to the extent of 5%. We also reject Scher's claim that Trial Term erred in its charge by not limiting Scher's duties and liabilities under subdivision 6 of section 241 of the Labor Law to the area in which Scher was working, which was not where plaintiff was injured. This statute has been given an expansive interpretation (see, e.g., *Sprague v Louis Picciano, Inc.,* 100 AD2d 247, 250) so that the liability of a contractor or owner thereunder extends throughout a construction site (see, e.g., *Rosenbaum v Lefrak Corp.,* 80 AD2d 337, 343-344, app dsmd 54 NY2d 904).

---

[*] The actions against Arc Electrical Construction Company, Inc., and Carlin-Atlas were apparently discontinued.

■ There is also no merit to Walsh-Corbetta's claim that Trial Term erred in refusing to charge the jury on a special servant rule of law. Walsh-Corbetta argues that a worker, who was in charge of building cleanups and on the Walsh-Corbetta payroll, was actually a special servant of the supervising contractor Fuller and, therefore, Walsh-Corbetta cannot be liable for any acts of the workman. The special servant rule applies only where the usual employer relinquishes control of the servant to another person, thereby making the servant a special employee of the other person and making that person, rather than the usual employer, liable for the servant's acts (see 36 NY Jur, Master and Servant, § 3, pp 409-412). The record demonstrates that Walsh-Corbetta undertook responsibility for the cleanup of the agency buildings, thereby acting as prime contractor for this purpose, and that the workman was working for Walsh-Corbetta. As such, the special servant rule was not applicable and no instruction on this rule was necessary.

■ We also find no merit to Scher's contention that the structured settlement with Fuller should be given a greater value than $103,000 for computing the amount by which the verdict should be reduced pursuant to subdivision (a) of section 15-108 of the General Obligations Law. The record reveals that Scher, among other defendants, stipulated that the Fuller settlement figure would be $103,000, the approximate cost of the annuity under the terms of the settlement, and, therefore, Scher must be bound to the figure agreed upon (see, e.g., *Kraker v Roll,* 100 AD2d 424, 436).

■ We are persuaded, however, that Trial Term did err in its reduction of the verdict by reason of Albany's settlement with plaintiff. Trial Term reduced the verdict by an amount equal to the workers' compensation benefits paid ($42,032.90), less one third for counsel fees ($14,000), for a total of $28,032.90. This reduction was based on the facts that plaintiff's settlement with Albany was in exchange for the release of the workers' compensation carrier's lien against plaintiff's tort recovery and that the workers' compensation carrier's lien was subordinate to a deduction for counsel fees and costs. The record reveals, however, that plaintiff's attorney, in response to remarks by the Assistant Attorney-General, agreed to have the approximate lien amount of $42,500 (later determined to be $42,032.90) represent a cash value consideration for the release of the lien. In light of this agreement, Trial Term should have reduced the verdict by $42,032.90, the amount consented to by plaintiff's attorney.

MIKOLL, YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Judgment modified, on the law, without costs, by reducing the verdict in favor of plaintiff Richard Reinitz and against defendants Walsh-Corbetta and M. Scher & Son, Inc., jointly, to $44,967.10 plus costs, disbursements and interest; matter remitted to Trial Term for recomputation of a total judgment; and, as so modified, affirmed.