■ HENRY T. REILLY, Appellant, v McKILLIGAN INDUSTRIAL SUPPLY CORPORATION, Respondent, et al., Defendant. (And A Third-Party Action.)—Kane, J. P.

Defendant McKilligan Industrial Supply Corporation (McKilligan) owns a large building, portions of which are rented to various businesses. One of McKilligan's tenants is plaintiff's employer, Chamonix Industries, Inc. (Chamonix). On a Monday morning in October 1982, plaintiff arrived at the building and traveled through a common hallway to the interior en-

trance of the Chamonix workshop. Plaintiff unlocked the door to the Chamonix premises, took a step or two into the Chamonix workshop and slipped on what he later discovered was a nail. As he attempted to break his fall, plaintiff fell on his left elbow.

At the time this accident occurred, defendant David Mattison had been hired by McKilligan as a carpenter to partition off a portion of the hallway outside Chamonix's workshop. According to testimony given at an examination before trial, the nail that plaintiff slipped and fell on appeared to be the same as those used by Mattison. Indeed, upon investigation shortly after the accident, similar nails were found within the Chamonix premises close to the door and also on the floor of the hallway outside the door. No nails were used in Chamonix's business.

In due course, plaintiff commenced this action against Mattison and McKilligan. After examinations before trial were conducted, McKilligan moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion and this appeal by plaintiff ensued.

Supreme Court, noting that Chamonix had the sole responsibility for inspecting and cleaning its rented space under the terms of its lease, found that McKilligan was not directly liable for plaintiff's injuries under common law. The court also determined that Mattison was an independent contractor and, accordingly, McKilligan was not liable for Mattison's alleged negligence under the doctrine of respondeat superior. Finally, Supreme Court rejected plaintiff's contentions that Labor Law § 241 applied to this case and, accordingly, concluded that McKilligan owned no duty under that section.

A review of the record supports all but Supreme Court's final conclusion that Labor Law § 241 is inapplicable. Labor Law § 241 provides, *inter alia,* that:

"All contractors and *owners* and their agents * * * when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements: * * *

"6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or *lawfully frequenting such places. The board may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their*

*agents for such work* * * * shall comply therewith" (emphasis supplied).

McKilligan argues that the above subdivision of the Labor Law is inapplicable here because the section provides protection to workers actually employed in the construction activity rather than persons frequenting the premises for other purposes. In support of this assertion, McKilligan cites to cases in which the statute was held inapplicable to volunteer workers, despite the fact that such workers were "lawfully frequenting" the construction site *(see, Alver v Duarte,* 80 AD2d 182). However, this is not the case of a volunteer worker, but is a situation covered by the statute *(see, Reinitz v Arc Elec. Constr. Co.,* 104 AD2d 247; *Celestine v City of New York,* 86 AD2d 592, *affd* 59 NY2d 938). Moreover, 12 NYCRR part 23, entitled "Protection in Construction, Demolition and Excavation Operations", covers the alleged situation here *(see, DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 73-74, *lv denied and appeal dismissed* 60 NY2d 701). 12 NYCRR 23-1.3 provides that "[t]his Part (rule) applies to persons employed in construction, demolition and excavation * * * This Part (rule) also applies to persons lawfully frequenting the areas of construction". 12 NYCRR 23-1.4 (a) (13) defines "construction work" as "[a]ll work of the types performed in the construction, erection, alteration, repair, [and] maintenance * * * of buildings or other structures". 12 NYCRR 1.7 (e) requires that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered." In view of the above, the order and judgment should be modified by reversing so much as granted McKilligan's motion for summary judgment upon plaintiff's claim pursuant to Labor Law § 241.

Order and judgment modified, on the law, without costs, by reversing so much as granted defendant McKilligan Industrial Supply Corporation's motion for summary judgment dismissing plaintiff's cause of action based upon Labor Law § 241; motion denied in that respect; and, as so modified, affirmed. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.