WILLIAM H. WOLF et al., Plaintiffs, v NEW YORK STATE ELECTRIC AND GAS CORPORATION et al., Defendants.

Supreme Court, Niagara County, February 21, 1989

### APPEARANCES OF COUNSEL

*Damon & Morey (Anthony J. Colucci* of counsel), for defendants. *Lipsitz, Green, Fahringer, Roll, Schuller & James (James W. Kirkpatrick* of counsel), for plaintiffs.

### OPINION OF THE COURT

JOSEPH J. SEDITA, J.

This is a motion for summary judgment on behalf of the defendants herein. Plaintiff was allegedly injured when a truck upon which he was riding hit a pothole. Plaintiff alleges violation of sections 200 and 241 of the Labor Law. Said provisions impose an obligation to maintain a safe work place.

This motion turns on whether or not the road upon which the accident allegedly took place can be fairly characterized as an integral part of the work place or work site. We have found no case exactly in point.

Since summary judgment is such a drastic remedy, we will view the facts in a light favorable to the plaintiff. This was a

major construction project involving a large area with a multitude of buildings and specific work sites. According to the supplemental letter affidavit of the plaintiff, the entire area, including the road in question, was enclosed with a chain link fence having several lockable gates. Guards allegedly controlled access to this enclosed area. The roads within the site were constructed of dirt and gravel. The plaintiff was traveling from a trailer within the enclosed construction area to a building a few hundred yards away. Various aspects of the construction project and various specific work sites were located on either side of the road.

Defendants rely heavily on *Derion v Buffalo Crushed Stone* (135 AD2d 1105). In this case the plaintiff was injured when his truck hit a pothole outside a work site. The road was admittedly owned by the defendant, but was not an integral part of the construction site for which this plaintiff was picking up crushed stone. The defendant also notes *Sprague v Picciano, Inc.* (100 AD2d 247) where the plaintiff was injured in a parking lot near the work site.

Our situation can be clearly distinguished from the above cases. Our road is within the enclosed general construction site and clearly was used primarily to facilitate the movement and use of machinery, people and supplies within the construction site, and in furtherance of the construction project. The fact that this "construction" road was later to become a "permanent" road does not change its character at the time of the accident.

We agree with the plaintiffs that the case of *Miller v Perillo* (71 AD2d 389) is more in point. In this case the plaintiff was injured on an access road to a construction site. The car in which he was riding hit a pothole. In our case we have an even stronger fact pattern because the vehicle was *within* the general construction site. Our courts have refused to limit liability to a specific jobsite when a contractor or owner has control throughout a general construction site. *(See, Reinitz v Arc Elec. Constr. Co.,* 104 AD2d 247; *Rosenbaum v Lefrak Corp.,* 80 AD2d 337.)* These statutes have been liberally construed to effectuate their purposes. *(See, DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70.)*

Based upon the above analysis, it is our considered opinion that this motion for summary judgment should be denied.