**Lisa M. FREY, Individually and as Administratrix of the Estate of Charles M. Frey, Deceased, Plaintiff,**

v.

**CHESTER E. SMITH & SONS, INC., Defendant.**

**CHESTER E. SMITH & SONS, INC., Third–Party Plaintiff,**

v.

**FAHS–ROLSTON PAVING CORP., Third–Party Defendant.**

No. 88–CV–498.

United States District Court, N.D. New York.

Nov. 28, 1990.

Hinman, Howard & Kattell, James L. Chivers, of counsel, Binghamton, N.Y., for plaintiff.

O'Connor, Gacioch & Pope, Hugh B. Leonard, of counsel, Binghamton, N.Y., for defendant.

*Memorandum–Decision and Order*
McAVOY, District Judge.

Following trial of this wrongful death action, the jury returned a verdict in plaintiff's favor awarding $25,000 for decedent's pain and suffering, $136,058 for prejudgment, or past, losses, and $1,025,250 for future losses. The jury also found decedent 5% at fault, defendant 60% at fault, and third-party defendant Fahs–Rolston Paving Corp., which settled with plaintiff for $500,000 and a waiver of a worker's compensation lien, 35% at fault. The court now is presented with the task of applying

article 50–B of the New York Civil Practice Laws and Rules (Periodic Payment of Judgments in Personal Injury, Injury to Property and Wrongful Death Actions) in as straightforward and sensible a manner as possible so that final judgment may be entered and plaintiff (a Pennsylvania citizen) begin to realize the benefits of the verdict in her favor as against the defendant (a New York citizen). (Whether article 50–B of the CPLR applies in an action either not involving New York citizens or not involving a New York defendant presents a choice of law issue not before the court at this time.)

The starting point for the court is the text of article 50–B itself and in particular of section 5041 of the CPLR. In pertinent part, that section states as follows:

In order to determine what judgment is to be entered on a verdict in an action to recover damages for personal injury, injury to property or wrongful death under this article ... the court shall proceed as follows:

(a) The court shall apply to the findings of past and future damages any applicable rules of law, including set-offs, credits, comparative negligence pursuant to section fourteen hundred eleven of this chapter, additurs, and remittiturs, in calculating the respective amounts of past and future damages claimants are entitled to recover and defendants are obligated to pay.

(b) The court shall enter judgment in lump sum for past damages, for future damages not in excess of two hundred fifty thousand dollars, and for any damages, fees or costs payable in lump sum or otherwise under subdivisions (c) and (d) of this section. For the purposes of this section, any lump payment of a portion of future damages shall be deemed to include the elements of future damages in the same proportion as such elements comprise of the total award for future damages as determined by the trier of fact.

(c) Payment of litigation expenses and that portion of the attorney's fees related to past damages shall be payable in a

lump sum. Payment of that portion of the attorney's fees related to future damages for which, pursuant to this article, the claimant is entitled to a lump sum shall also be payable in a lump sum. Payment of that portion of the attorney's fees related to the future periodically paid damages shall also be payable in a lump sum, based on the present value of the annuity contract purchased to provide payment of such future periodically paid damages pursuant to subdivision (e) of this section.

. . . .

(e) With respect to awards of future damages in excess of two hundred fifty thousand dollars in an action to recover damages for personal injury, injury to property or wrongful death, the court shall enter judgment as follows:

After making any adjustment prescribed by subdivisions (b), (c) and (d) of this section, the court shall enter a judgment for the amount of the present value of an annuity contract that will provide for the payment of the remaining amounts of future damages in periodic installments. The present value of such contract shall be determined in accordance with generally accepted actuarial practices by applying the discount rate in effect at the time of the award to the full amount of the remaining future damages, as calculated pursuant to this subdivision. The period of time over which such periodic payments shall be made and the period of time used to calculate the present value of the annuity contract shall be the period of years determined by the trier of fact in arriving at the itemized verdict. . . . The court, as part of its judgment, shall direct that the defendants and their insurance carriers shall be required to offer and to guarantee the purchase and payment of such an annuity contract. Such annuity contract shall provide for the payment of the annual payments of such remaining future damages over the period of time determined pursuant to this subdivision. The annual payment for the first year shall be calculated by dividing the remaining amount of future damages by the number of years over which such payments shall be made and the payment due in each succeeding year shall be computed by adding four percent to the previous year's payment. Where payment of a portion of the future damages terminates in accordance with the provisions of this article, the four percent added payment shall be based only upon that portion of the damages that remains subject to continued payment.

N.Y.Civ.Prac.L. & R. (CPLR) § 5041 (McKinney Supp.1990).

■ As the court understands this section (and in this regard the court notes that the leading reported decision applying article 50–B, see *Ursini v. Sussman*, 143 Misc.2d 727, 541 N.Y.S.2d 916 (Sup.Ct.N.Y. Co.1989), while helpful is not binding authority), its first task is to reduce, in appropriate fashion, and in accordance with section 5041(a), the total award to account for decedent's fault, see CPLR 1411, and for the greater of the third-party defendant's fault or the amount of the settlement, see N.Y.Gen.Oblig.L. § 15–108(a). Decedent's equitable share of the damages totals $59,-315.40 ($1,186,308 × .05) to which must be added the amount of the settlement entered into by the third-party defendant. That settlement consists of $200,000 in cash up front, $300,000 to purchase an annuity and the waiver of a workers' compensation lien regarding some $38,940 in benefits the third-party defendant had already paid out. Defendant seeks to have only two-thirds of the lien ($25,690) included as part of the settlement, relying on *Reinitz v. Arc Electrical Construction Company, Inc.*, 121 Misc.2d 966, 470 N.Y.S.2d 90 (Sup.Ct. Albany Co.1983), *aff'd*, 104 A.D.2d 247, 483 N.Y.S.2d 821 (3d Dep't 1984). The court rejects plaintiff's argument that somehow plaintiff should receive a credit based on the value to the third-party defendant of future workers' compensation benefits that presumably the third-party defendant won't have to pay now. No case law is cited in support of this position. Suffice it to say that *Kelly v. State Insurance Fund*, 60 N.Y.2d 131, 468 N.Y.S.2d 850, 456 N.E.2d 791 (1983) (workers' compensa-

tion carrier's equitable share of litigation costs incurred by claimant in a third-party action is apportioned under Workers' Compensation Law § 29 on the basis of the total benefit that the carrier derives from the claimant's recovery), is entirely inapposite. The court does not understand how what the third-party defendant employer may not have to pay in the future to plaintiff's decedent has anything to do with the defendant landowner insofar as the defendant is seeking to use the settlement to reduce its financial obligation to the plaintiff. The amount of the settlement, therefore, totals $525,690. Subtracting the amount of the settlement and the decedent's equitable share of the damages from the verdict yields $601,302.60 ($1,186,308 − 525,690 − 59,315.40 = $601,302.60), which breaks down proportionately as follows: pain and suffering, representing 2.1% of the total award—$12,627.35; past, or prejudgment, loss, representing 11.5%—$69,149.80; and future loss, representing 86.4%—$519,525.45. The court must now, in accordance with CPLR 4545(c), consider setoffs for collateral source payments.

That section provides as follows:

In any action brought to recover damages for personal injury, injury to property or wrongful death, where the plaintiff seeks to recover for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, evidence shall be admissible for consideration by the court to establish that any such past or future cost or expense was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as insurance (except for life insurance), social security (except those benefits provided under title XVIII of the social security act), workers' compensation or employee benefit programs (except such collateral sources entitled by law to liens against any recovery of the plaintiff). If the court finds that any such cost or expense was or will, with reasonable certainty, be replaced or indemnified from any collateral source, it shall reduce the amount of the award by such finding, minus an amount equal to

the premiums paid by the plaintiff for such benefits for the two-year period immediately preceding the accrual of such action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits. In order to find that any future cost or expense will, with reasonable certainty, be replaced or indemnified by the collateral source, the court must find that the plaintiff is legally entitled to the continued receipt of such collateral source, pursuant to a contract or otherwise enforceable agreement, subject only to the continued payment of a premium and such other financial obligations as may be required by such agreement.

 To be sure, net past social security benefits received in the amount of $36,720 ($40,968 − 4,248 in social security taxes) constitute a collateral source payment within the purview of section 4545(c). Defendant also seeks to have some $26,000 received by plaintiff from employee benefit plans included as a collateral source payment. Plaintiff does not dispute the amount received; rather, plaintiff argues that the profit sharing and pension plan distributions from Fahs–Ralston "were earnings of the deceased previously received by the plans and were not in any way to replace or indemnify future earnings" and that the "death benefits received from the union pension funds had accrued as a result of the deceased's participation in the funds prior to his death and should not be construed as monies [sic] paid to replace future lost earnings". To be sure, distributions pursuant to employee benefit programs constitute collateral sources under CPLR 4545(c); however, defendant has failed to identify that portion of the $26,000 which constitutes decedent's employer's contribution. Therefore, defendant having failed to sustain its burden in this regard, the court will not count any of the $26,000 as a collateral source.

 Accounting for the past social security payments received by plaintiff, plaintiff's award for past or prejudgment loss reduces to $32,429.80. It is on this amount now that, pursuant to New York Estates,

Powers and Trusts Law § 5–4.3 which provides that "[i]nterest upon the principal sum recovered by the plaintiff from the date of the decedent's death shall be added to and be part of the total sum awarded," N.Y. Est. Powers & Trusts Law (EPTL) § 5–4.3(a) (McKinney Supp.1990), to which prejudgment interest is to be added. First, this $32,429 represents the sum recovered by plaintiff arrived at by deducting those amounts to which she was not entitled; second, the court agrees with the Second Circuit in *Woodling v. Garrett Corp.*, 813 F.2d 543 (1987) that prejudgment interest is not to be (and indeed cannot be) awarded for postjudgment losses in a wrongful death suit under New York law, *see* 813 F.2d at 559–560.

■ Continuing with collateral source payments, the court turns its attention to the matter of whether future social security benefits to be received by plaintiff should be deducted from the award for future loss. In this regard, defendant notes that plaintiff will receive approximately $188,892 in future social security benefits for which no premiums need be paid by plaintiff. Plaintiff does not dispute the amount cited by defendant so much as she disputes whether there is a "reasonable certainty" that such benefits will be paid. Suffice it to say that the court agrees with defendant that plaintiff's arguments against treating the future social security benefits as collateral source payments consist of mere speculation. That plaintiff might increase her own earnings in such a way or that she might remarry or that her children might marry prior to age 18 or 19 or that the federal government might eliminate or reduce social security some time in the future are indeed possibilities but they do not, in the court's view, warrant a finding by the court that such future social security benefits will not be paid to plaintiff with reasonable certainty as of this point in time. The award for future loss, therefore, reduces to $330,633.45 ($519,-525.45 − 188,892.00).

■ Having reduced the findings of past and future damages in accordance with CPLR § 5041(a), the court must now enter

a lump sum judgment as provided by CPLR § 5041(b). This lump sum judgment consists of (a) $12,627.35 for pain and suffering of the decedent, (b) $32,429.80 plus 9% interest from the date of death to the date of the judgment for past wrongful death losses, and (c) the first $250,000 of the future wrongful death losses. Remaining is $80,633.45 in future damages ($330,-633.45 − 250,000) which breaks down proportionately as follows: (a) loss of support, 87% of the total future loss award, payable over 26 years—$70,151.10; (b) loss of parental guidance, 8.6%, payable over 17 years—$6,934.48; and (c) loss of household services, 4.4%, payable over 35 years—$3,547.87. In accordance with section 5041(c) and (e), it remains for the court to reduce each item of future loss to its present value so as to ascertain the total present value of the remaining future damages and with it the amount to be deducted for attorney's fees (ultimately one-third of the present value of the total remaining future damages), and to be paid in a lump sum, and the amount (the two-thirds remaining after the attorney's fees are subtracted out) payable to plaintiff in the future as guaranteed by the purchase of an annuity contract. Because the lump sum payment of attorney's fees based upon the present value of the future periodically paid damages is derived from each item of future periodically paid damages proportionately (i.e., as each item of future periodically paid damages bears to the total future periodically paid damages), the court is required to involve itself with literally hundreds of tedious arithmetic calculations. The court will summarize the method it used to arrive at the present value of the remaining future damages and, therefore, of the annuity contract which is to provide payment of the future periodically paid damages; the calculations entailed in the method used by the court are included in an appendix to this memorandum-decision and order.

At the outset, it should be observed that the statute, and particularly sections 5041(c) and (e), is not a model of clarity; also, it bears noting that, in order to determine the present value of the remaining

future damages and of the annuity contract to be purchased, the court must necessarily determine the annual payments referred to in section 5041(e) and from that easily follow the calculation of attorney's fees and the sum of money plaintiff will receive each year.

The future damages consists of an award for loss of support ($70,151.10) payable over 26 years, for loss of parental guidance ($6,934.48) payable over 17 years, and loss of household services ($3,547.87) payable over 35 years. The sum of money for each item of damage must be divided by the appropriate period of years. This figure yields the future value of the first year annual payment to plaintiff for that item of damage; in order to determine the future value of the remaining annual payments, the previous year's payment is to be increased by 4%. For example, the loss of support award divided by 26 yields $2698.12 which is the future value of the first year annual payment for loss of support; the future value of the second year annual payment is derived by increasing the previous figure by 4%, i.e., $2806.04; the future value of the third year annual payment is then derived by increasing the $2806.04 amount by 4%, and so on. Once the future values of the annual payments for each item of damage is calculated, these future values must be reduced to present value by factoring in the discount rate in effect at the time of the award; in the present case that discount rate (which is the interest rate the Federal Reserve charges banks on loans of money and which is reported in the financial section of the daily newspaper) is 7%. In order to do this, the court must determine the present value of one dollar for each of 35 years using the following formula:

Present value of one dollar $= 1 \div (1 + i)^n$ where i is the discount rate and n, an exponent, is the number of years.

What results is what the court will call present value factors—the result actually is the present value of one dollar at the end of a particular number of years. The present value factor for each year is then multiplied by the corresponding future value of the annual payment for that year of a particular item of damage. For example, the future value of the first year annual payment for loss of support ($2698.12) is multiplied by 0.9346 yielding the present value of that annual payment. This calculation is done for each of the 26, 17 and 35 annual payments to determine the present value of these annual payments. Each of the 26, 17 and 35 annual payments is then divided into a 1:2 ratio to reflect the one-third contingency fee for the attorney leaving two-thirds for the plaintiff, which is the actual annual payment for that particular item of damages that the plaintiff will receive under the annuity contract. For example, the present value of the first year annual payment for loss of support is approximately $2521.61; one-third of that becomes part of the attorney's fee based on the future periodically paid damages (to be paid, of course, in a lump sum), leaving two-thirds for the plaintiff. The sum total of each of the "two-thirds remainders" represents the present value of the annuity contract that defendant must purchase to guarantee payment of these moneys to plaintiff over the years. Of course, the court has already worked out what the actual annual payments to the plaintiff will be. (And, of course, the defendant could pay the sum total of the "two-thirds remainders" in a lump sum if it so desired and if plaintiff agreed to that arrangement.) The sum total of all the "one-third amounts" represents the attorney's fee, to be paid in a lump sum, based on the present value of the remaining future damages. *See* CPLR § 5041(c). (It should be noted that an annuity contract in the amount of the present value of the total of the 26, 17 and 35 annual payments is not actually purchased; what is purchased is an annuity contract to guarantee payment of two-thirds of this figure.)

Briefly, the calculations are as follows (the reader is referred to the appendix for the precise yearly figures): (a) the present value of the $70,151.10 award for loss of support, payable over 26 years, is $47,000.63; the attorney's fee on this award is $15,666.88; plaintiff's share is $31,333.75; (b) the present value of the $6934.48 award

for loss of parental guidance is $5212.34; the attorney's fee is $1737.44 and plaintiff's share is $3474.90; (c) the present value of the $3547.87 award for loss of household services is $2130.07; the attorney's fee is $700.02 and plaintiff's share is $1420.05. Totaling all of the foregoing yields (i) $54,343.04 as the present value of the $80,633.45 in remaining future damages, (ii) an attorney's fee based on one-third of the present value of these remaining future damages of $18,114.34, leaving (iii) $36,228.70 as plaintiff's share to be guaranteed by the purchase of an annuity contract and paid in annual installments as set forth in the appendix.

The court's work is complete. One aspect of the foregoing bears noting and that is that the sum total of the "two-thirds remainders" for each item of damages is not, contrary to argument otherwise, divided by the particular number of years to determine the first year's annual payment with each succeeding year's payment derived by increasing the previous year's annual payment by 4%. The statute does not so provide and such procedure would amount to figuring in the 4% increases twice.

In sum, in accordance with section 5041, the court enters judgment as follows:

Lump sum judgment in plaintiff's favor, in accordance with CPLR 5041(b), consists of (a) $12,627.35 for pain and suffering of the decedent, (b) $32,429.80 plus 9% interest from the date of the death to the date of the judgment for past wrongful death losses, and (c) $250,000 for future wrongful death losses not reduced to present value. In accordance with CPLR § 5041(c), plaintiff's attorney is entitled to a lump sum payment of one-third of each of the foregoing amounts; the remaining two-thirds is payable in a lump sum to plaintiff.

As for the future periodically paid damages, in accordance with CPLR 5041(e), defendant is directed to offer and to guarantee the purchase and payment of an annuity contract in the amount of $36,228.70. The annual payments have already been worked out by the court and are included in an appendix to this memorandum-decision and order. Defendant is also directed to pay to plaintiff's attorney, in accordance with CPLR 5041(c), the lump sum of $18,114.34 representing attorney's fees related to the future periodically paid damages. Lastly, defendant is directed to post the requisite security in accordance with section 5043(a).

## APPENDIX

| Year | FV | × | PV Factor | = | PV | ⅓ (PV) | ⅔ (PV) |
|------|------|---|-----------|---|------|--------|--------|
| 1 | 2698.12 | | 0.9346 | | 2521.61 | 840.54 | 1681.07 |
| 2 | 2806.04 | | 0.8734 | | 2450.91 | 816.97 | 1633.94 |
| 3 | 2918.29 | | 0.8163 | | 2382.19 | 794.06 | 1588.13 |
| 4 | 3035.02 | | 0.7629 | | 2315.40 | 771.80 | 1543.60 |
| 5 | 3156.42 | | 0.7130 | | 2250.48 | 750.16 | 1500.32 |
| 6 | 3282.67 | | 0.6663 | | 2187.38 | 729.13 | 1458.26 |
| 7 | 3413.98 | | 0.6227 | | 2126.06 | 708.69 | 1417.37 |
| 8 | 3550.54 | | 0.5820 | | 2066.45 | 688.82 | 1377.63 |
| 9 | 3692.56 | | 0.5439 | | 2008.51 | 669.50 | 1339.01 |
| 10 | 3840.26 | | 0.5083 | | 1952.20 | 650.73 | 1301.46 |
| 11 | 3993.88 | | 0.4751 | | 1897.46 | 632.49 | 1264.97 |
| 12 | 4153.63 | | 0.4440 | | 1844.26 | 614.75 | 1229.51 |
| 13 | 4319.78 | | 0.4150 | | 1792.55 | 597.52 | 1195.04 |
| 14 | 4492.57 | | 0.3878 | | 1742.29 | 580.76 | 1161.53 |
| 15 | 4672.27 | | 0.3624 | | 1693.45 | 564.48 | 1128.96 |
| 16 | 4859.16 | | 0.3387 | | 1645.97 | 548.66 | 1097.31 |
| 17 | 5053.53 | | 0.3166 | | 1599.82 | 533.27 | 1066.54 |
| 18 | 5255.67 | | 0.2959 | | 1554.96 | 518.32 | 1036.64 |
| 19 | 5465.89 | | 0.2765 | | 1511.37 | 503.79 | 1007.58 |
| 20 | 5684.53 | | 0.2584 | | 1468.99 | 489.66 | 979.33 |
| 21 | 5911.91 | | 0.2415 | | 1427.80 | 475.93 | 951.87 |
| 22 | 6148.39 | | 0.2257 | | 1387.77 | 462.59 | 925.18 |

| Year | FV | × | PV Factor | = | PV | ⅓ (PV) | ⅔ (PV) |
|---|---|---|---|---|---|---|---|
| 23 | 6394.32 | | 0.2109 | | 1348.86 | 449.62 | 899.24 |
| 24 | 6650.10 | | 0.1971 | | 1311.04 | 437.01 | 874.03 |
| 25 | 6916.10 | | 0.1842 | | 1274.29 | 424.76 | 849.52 |
| 26 | 7192.74 | | 0.1722 | | 1238.56 | 412.85 | 825.71 |

The present value of a $70151.10 award payable over 26 years with a Discount Rate of 0.07 is:

| | |
|---|---|
| Total Present Value: | $47000.63 |
| Attorney Fee: | $15666.88 |
| Plaintiff's Share: | $31333.75 |

NOTE: Due to the necessary rounding off of figures, discrepancies of a few cents or more will appear in various calculations.

| Year | FV | × | PV Factor | = | PV | ⅓ (PV) | ⅔ (PV) |
|---|---|---|---|---|---|---|---|
| 1 | 407.91 | | 0.9346 | | 381.22 | 127.07 | 254.15 |
| 2 | 424.23 | | 0.8734 | | 370.54 | 123.51 | 247.02 |
| 3 | 441.20 | | 0.8163 | | 360.15 | 120.05 | 240.10 |
| 4 | 458.84 | | 0.7629 | | 350.05 | 116.68 | 233.37 |
| 5 | 477.20 | | 0.7130 | | 340.24 | 113.41 | 226.82 |
| 6 | 496.29 | | 0.6663 | | 330.70 | 110.23 | 220.46 |
| 7 | 516.14 | | 0.6227 | | 321.42 | 107.14 | 214.28 |
| 8 | 536.78 | | 0.5820 | | 312.41 | 104.14 | 208.27 |
| 9 | 558.25 | | 0.5439 | | 303.65 | 101.22 | 202.44 |
| 10 | 580.58 | | 0.5083 | | 295.14 | 98.38 | 196.76 |
| 11 | 603.81 | | 0.4751 | | 286.86 | 95.62 | 191.24 |
| 12 | 627.96 | | 0.4440 | | 278.82 | 92.94 | 185.88 |
| 13 | 653.08 | | 0.4150 | | 271.00 | 90.33 | 180.67 |
| 14 | 679.20 | | 0.3878 | | 263.41 | 87.80 | 175.60 |
| 15 | 706.37 | | 0.3624 | | 256.02 | 85.34 | 170.68 |
| 16 | 734.62 | | 0.3387 | | 248.84 | 82.95 | 165.90 |
| 17 | 764.01 | | 0.3166 | | 241.87 | 80.62 | 161.24 |

The present value of a $6934.48 award payable over 17 years with a Discount Rate of 0.07 is:

| | |
|---|---|
| Total Present Value: | $5212.34 |
| Attorney Fee: | $1737.45 |
| Plaintiff's Share: | $3474.90 |

NOTE: Due to the necessary rounding off of figures, discrepancies of a few cents or more will appear in various calculations.

| Year | FV | × | PV Factor | = | PV | ⅓ (PV) | ⅔ (PV) |
|---|---|---|---|---|---|---|---|
| 1 | 101.37 | | 0.9346 | | 94.74 | 31.58 | 63.16 |
| 2 | 105.42 | | 0.8734 | | 92.08 | 30.69 | 61.39 |
| 3 | 109.64 | | 0.8163 | | 89.50 | 29.83 | 59.67 |
| 4 | 114.02 | | 0.7629 | | 86.99 | 29.00 | 57.99 |
| 5 | 118.59 | | 0.7130 | | 84.55 | 28.18 | 56.37 |
| 6 | 123.33 | | 0.6663 | | 82.18 | 27.39 | 54.79 |
| 7 | 128.26 | | 0.6227 | | 79.88 | 26.63 | 53.25 |
| 8 | 133.39 | | 0.5820 | | 77.64 | 25.88 | 51.76 |
| 9 | 138.73 | | 0.5439 | | 75.46 | 25.15 | 50.31 |
| 10 | 144.28 | | 0.5083 | | 73.34 | 24.45 | 48.90 |
| 11 | 150.05 | | 0.4751 | | 71.29 | 23.76 | 47.52 |
| 12 | 156.05 | | 0.4440 | | 69.29 | 23.10 | 46.19 |
| 13 | 162.29 | | 0.4150 | | 67.35 | 22.45 | 44.90 |
| 14 | 168.78 | | 0.3878 | | 65.46 | 21.82 | 43.64 |
| 15 | 175.54 | | 0.3624 | | 63.62 | 21.21 | 42.41 |
| 16 | 182.56 | | 0.3387 | | 61.84 | 20.61 | 41.23 |
| 17 | 189.86 | | 0.3166 | | 60.10 | 20.03 | 40.07 |

| Year | FV | $\times$ | PV Factor | $=$ | PV | $\tfrac{1}{3}$ (PV) | $\tfrac{2}{3}$ (PV) |
|---|---|---|---|---|---|---|---|
| 18 | 197.45 | | 0.2959 | | 58.42 | 19.47 | 38.95 |
| 19 | 205.35 | | 0.2765 | | 56.78 | 18.93 | 37.85 |
| 20 | 213.57 | | 0.2584 | | 55.19 | 18.40 | 36.79 |
| 21 | 222.11 | | 0.2415 | | 53.64 | 17.88 | 35.76 |
| 22 | 230.99 | | 0.2257 | | 52.14 | 17.38 | 34.76 |
| 23 | 240.23 | | 0.2109 | | 50.68 | 16.89 | 33.78 |
| 24 | 249.84 | | 0.1971 | | 49.26 | 16.42 | 32.84 |
| 25 | 259.84 | | 0.1842 | | 47.87 | 15.96 | 31.92 |
| 26 | 270.23 | | 0.1722 | | 46.53 | 15.51 | 31.02 |
| 27 | 281.04 | | 0.1609 | | 45.23 | 15.08 | 30.15 |
| 28 | 292.28 | | 0.1504 | | 43.96 | 14.65 | 29.31 |
| 29 | 303.97 | | 0.1406 | | 42.73 | 14.24 | 28.48 |
| 30 | 316.13 | | 0.1314 | | 41.53 | 13.84 | 27.69 |
| 31 | 328.78 | | 0.1228 | | 40.36 | 13.45 | 26.91 |
| 32 | 341.93 | | 0.1147 | | 39.23 | 13.08 | 26.16 |
| 33 | 355.60 | | 0.1072 | | 38.13 | 12.71 | 25.42 |
| 34 | 369.83 | | 0.1002 | | 37.06 | 12.35 | 24.71 |
| 35 | 384.62 | | 0.0937 | | 36.02 | 12.01 | 24.02 |

The present value of a $3547.87 award payable over 35 years with a Discount Rate of 0.07 is:

| | |
|---|---|
| Total Present Value: | $2130.07 |
| Attorney Fee: | $ 710.02 |
| Plaintiff's Share: | $1420.04 |

NOTE: Due to the necessary rounding off of figures, discrepancies of a few cents or more will appear in various calculations.