■ CYNTHIA WILLIAMSON, Respondent, v BORG FLORMAN DEVELOPMENT CORPORATION, Respondent-Appellant, et al., Defendant. BORG FLORMAN DEVELOPMENT CORPORATION, Third-Party Plaintiff-Respondent-Appellant, v BETH ABRAHAM HOSPITAL, Third-Party Defendant-Appellant-Respondent. [594 NYS2d 778] —Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered July 13, 1992, apportioning liability 60% against defendant Borg Florman Development Corporation ("Borg") and 40% against third-party defendant Beth Abraham Hospital ("Beth Abraham") awarding plaintiff total damages of $450,000 upon her stipulation reducing the jury verdict and bringing up for review an order of the same court, entered June 30, 1992, which directed a new trial on the issue of future damages unless plaintiff stipulated to a reduction thereof, and which denied Beth Abraham's motion for judgment over as against Borg, unanimously modified, without costs, on the law and the facts, to grant the motion by Beth Abraham for judgment over against Borg, and otherwise affirmed. Appeal from the order entered June 30, 1992 unanimously dismissed as subsumed in the appeal from the final judgment.

Plaintiff, a 62-year-old dietary aide employed by third-party defendant Beth Abraham, was injured when she stepped onto a sheetrock panel covering a trench in the floor in the kitchen area where she was required to work. There was evidence from which the jury could conclude that a trench had been

dug in the cafeteria floor to permit the installation of pipes during the course of extensive renovation, and that the trench had been improperly covered with a piece of sheetrock.

Because the jury found that both defendant Borg, the general contractor, and third-party defendant Beth Abraham, were negligent, the IAS Court denied Beth Abraham's motion for judgment over against Borg. While it is true that General Obligations Law § 5-322.1 renders void agreements to indemnify negligent parties against their own negligence, an agreement to provide insurance, such as was agreed to by Borg here, does not offend the statute. Accordingly under the facts herein presented, Borg is liable for plaintiff's resulting damages, including the portion thereof attributable to Beth Abraham's negligence *(Kinney v Lisk Co.,* 76 NY2d 215).

Borg also argues that Labor Law § 241 (6) should not have been charged to the jury since by its terms, the protection of that statute extends only to the "persons employed therein or lawfully frequenting" the worksite. To the contrary, it has been held that employees present at the worksite, even if they are not engaged in the actual construction, are protected by the statute *(Reilly v McKilligan Indus. Supply Corp.,* 124 AD2d 953).

We do not find the reduced judgment of $450,000 to be excessive. Concur—Rosenberger, J. P., Ellerin, Ross, Asch and Kassal, JJ.