OPINION OF THE COURT
Joseph F. Lisa, J.
By this motion, the defendant, For-Med Medical Group doing business as Astoria Medical Group (hereinafter Astoria), seeks an order, striking the plaintiff’s proposed CPLR article 50-A structured judgment on the grounds, inter alla, that it fails to properly credit Astoria for the $250,000 cash settle *467 ment the plaintiff received from Astoria’s codefendant, Leon Roberts, M.D., prior to the entry of the jury’s verdict.
For the purposes of this decision, the court will limit itself solely to the issue of whether the defendant, Astoria, was properly credited.
The plaintiff and the defendant, Leonard Roberts, M.D., settled this matter as between themselves prior to trial for the sum of $250,000.
After a trial conducted by the movant and the plaintiff, the jury was asked to determine whether any of the three original parties were negligent and if it found one or more of the defendants negligent and that such negligence was a proximate cause of the plaintiff’s injuries to award damages in a sum which would fairly compensate the plaintiff without reduction to present value.
After completing its deliberations, the jury found the plaintiff and the defendant, Leonard Roberts, M.D., not negligent, found the defendant Astoria 100% negligent, found that Astoria’s negligence was the proximate cause of the plaintiff’s injuries and fixed damages in the sum of $300,000 for past pain and suffering and in the sum of $1,200,000 for future pain and suffering.
After the jury was discharged, the Trial Justice, Honorable Cosmo J. DiTucci, refused to set aside or reduce its verdict. The plaintiff then submitted a proposed structured judgment to this court which was assigned this matter after Justice DiTucci’s retirement.
To properly determine how the settlement fund is to be used to "set-off” the jury’s verdict three separate statutes must be reviewed. The first is General Obligations Law § 15-108 (a) which, in pertinent part, directs that the setoff shall be the greater of the settling defendant’s fault or the amount of its settlement; CPLR 4111 (d) which states in part that "In computing said damages, the jury shall be instructed to award the full amount of future damages, as calculated, without reduction to present value”; and CPLR 5031 which states in part "The court shall apply to the findings of past and future damages any applicable rules of law, including set-offs * * * calculating the respective amounts of past and future damages claimants are entitled to recover and defendants are obligated to pay.”
When submitting her proposed structured judgment, the plaintiff calculated the setoff as follows:
*468 "Total jury verdict...... $300,000 + $1,200,000 = $1,500,000
"$1,500,000 - $250,000 = $1,250,000
"Therefore, I am awarded.......
"$300,000 cash for past damages
"$250,000 cash for the first part of my future damages
"$700,000 for the balance of my future damages which must be structured pursuant to CPLR article 50-A.”
The defendant, Astoria, strongly opposes this method of calculation arguing, inter alla, "that if the setoff received in lump sum, present-value dollars, is deducted from future gross dollars, the plaintiff will receive more than was awarded by the jury.”
Instead Astoria argues that the $250,000 cash settlement should be deducted from the present cash portion of the jury’s verdict, i.e., the $300,000 awarded for past damages leaving its responsibility to the plaintiff as follows:
$300,000 — $250,000 = $50,000 cash for past damages;
$250,000 present cash towards future damages;
$950,000 future damages to be structured.
During oral argument, the plaintiff suggested that perhaps a third approach be taken, i.e., that as to time the court prorate the settlement in the same percentages as the verdict with past damages being 20% of the total and the future damages being the remaining 80%.
Such a setoff would work as follows:
$300,000 past damages (20% of total) — $50,000 (20% of settlement) = $250,000 in past damages;
$1,200,000 future damages (80% of total) — $200,000 (80% of settlement) = $1,000,000 in future damages.
Astoria, while conceding that this approach is fairer than the plaintiff’s original proposal, still contends that $200,000 in present cash would be used to offset $200,000 future payments, a grossly unfair result which would result in an undeserved windfall for the plaintiff.
In support of its argument, Astoria points to the case of Rohring v City of Niagara Falls (84 NY2d 60, 66) in which when dealing with the issue of attorneys’ fees relating to the structured portion of future damages under CPLR articles 50-A and 50-B, our Court of Appeals held "that the present value of the attorney’s fees should have been subtracted from the present value of future damages.”
*469 However, the only reported case dealing directly with the instant issue which has been cited by the parties or revealed by the court’s own research, Frey v Smith & Sons (751 F Supp 1052), essentially adopts the plaintiff’s pro rata proposal; albeit, without a discussion of the present value issue.
Also, it is well settled that "while the general purpose of General Obligations Law § 15-108 (a) is to encourage settlements, the statute is concerned as well with assuring that a nonsettling defendant does not pay more than its equitable share.” (Williams v Niske, 81 NY2d 437, 443; also see, Didner v Keene Corp., 188 AD2d 15.)
In this court’s view, the best approach to this matter would be to first create the initial division required by CPLR article 50-A in order that the damages be divided into three parts, i.e.: (1) past damages; (2) the first $250,000 of future damages; (3) the present value of the remaining amount of future damages; then prorate the settlement in the same way and set off each portion of the verdict accordingly.
This procedure would be fair to the parties and encourage settlements while "preserving Dole’s equitable fault-sharing principles.” (Didner v Keene Corp., supra, at 25.)
Unfortunately, this is proscribed by CPLR 5031 which requires the court to adjust the verdict for all setoffs prior to structuring it.
However, this court believes that by modifying the plaintiff’s "pro rata” proposal by providing that the settlement will be prorated as to the past damages, the first $250,000 in future damages and the remainder of the future damages, it can come closest to achieving the goals of General Obligations Law § 15-108 (a) within the statutory constraints of CPLR 5031.
This gives the following result:
Past damages $300,000 (20% of the jury’s total verdict) — $50,000 (20% of the settlement) = $250,000 in past damages;
$250,000 (up-front cash of the future award which is 16.7% of the jury’s total award) — $41,750 (16.7% of the settlement) = $208,250 cash future damages; and
$950,000 (63.3% of jury’s total award) — $158,250 (63.3% of the settlement) = $791,750 in future damages which must be structured.
*470 This court welcomes appellate review of its conclusions but believes that the only truly satisfactory resolution of the issue raised herein requires legislative action. Further, the plaintiff is directed to submit a new proposed structured judgment in accordance with this decision.