■ FIREMAN'S FUND INSURANCE COMPANY, Respondent, v NEWARK INSURANCE CORPORATION et al., Defendants, and AMERICAN RELIANCE INSURANCE COMPANY et al., Appellants. [715 NYS2d 403] —Order and judgment (one paper), Supreme

Court, New York County (Leland DeGrasse, J.), entered on or about January 3, 2000, which, insofar as appealed from as limited by the briefs, declared in favor of plaintiff insurer (Fireman's) that defendant-appellant insurer (Reliance) is required to defend and indemnify Fireman's insured (Fisher) in an underlying action for personal injuries sustained by a worker at a construction site at which Fisher was the general contractor and Reliance's insured (Consultants) was a subcontractor, unanimously affirmed, with costs.

The declaration was properly made on the ground that Fisher, as an additional insured on the policy that Reliance issued to Consultants, is entitled to the same coverage afforded Consultants by the policy, namely, coverage for "all sums which the insured shall become legally obligated to pay as damages because of bodily injury." The policy contains no language plainly limiting Fisher's coverage to liability for personal injuries caused by Consultants' negligence (*cf., Mazzuoccolo v Cinelli*, 245 AD2d 245, 247), and such a limitation is not required by General Obligations Law § 5-322.1 (1), which, while rendering void agreements to indemnify negligent parties against their own negligence, specifically states that "this section shall not affect the validity of any insurance contract" (*see, Williamson v Borg Florman Dev. Corp.*, 191 AD2d 335, *lv denied* 81 NY2d 711). We have considered appellants' other arguments and find them unavailing. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Saxe, JJ.